FRANCES E. PAYNE, RESPONDENT, *v.* WILLIAM WILSON, IMPLEADED, ETC., APPELLANT.

*Mechanic's lien — agreement to give mortgage has priority over.*

One Halstead furnished building materials to defendant Palmer, who agreed to pay therefor, half in cash and half by a first mortgage on one of the buildings, in the erection of which they were to be used. May 1, 1872, a mortgage was given to him for said sum, together with six per cent interest thereon, not acknowledged

or attested by a subscribing witness. On June twenty-fourth he procured the mortgage to be acknowledged, and on August ninth it was recorded. On September twenty-first, fearing there might be some claim of usury, he obtained another mortgage from Palmer, omitting the six per cent. This mortgage was assigned to the plaintiff, who brought this action to foreclose it. Upon the trial it appeared that without any knowledge of Halstead one Wilson had, on June nineteenth, filed a mechanic's lien against the mortgaged premises and others. *Held,* that the lien of the mortgage was entitled to priority over that acquired by Wilson.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. This action was brought to foreclose a mortgage given to the plaintiff's assignor by the defendant Palmer.

*Jackson & Burr,* for the appellant.

*George H. Granniss,* for the respondent. By the contract between Palmer and Halstead the latter acquired an equitable mortgage and a specific lien on one of the said thirteen houses, and as such has priority over subsequent judgments against the mortgagor or owner, and this, whether the agreement is to give a mortgage on an undivided interest or otherwise. Indeed, all equities against the property have preference over subsequent judgments. (*Matter of Howe,* 1 Paige, 125, 128, 129, 130, and cases therein cited; *Dwight* v. *Newell,* 3 N. Y., 185, 187; *Cook* v. *Craft,* 3 Lans., 516; *Racouiller* v. *Sausvain,* 32 Cal., 375; *Robinson* v. *Williams,* 22 N. Y., 387; *De Pierre* v. *Thorn,* 4 Bos. Sup. Ct. R., 266; 2 Story's Eq., 718, 719, § 1503, *b,* and authorities cited there.) In *Matter of Howe* (1 Paige Ch., 125) the equity applied to an undivided interest in common. In *Dwight* v. *Newell* (3 N. Y., 185, 187) there was an agreement to give a mortgage on a part of a lot. Whatever lien, legal or equitable, existed before the filing of appellant's lien has priority over the latter, and so any transfer of interest by the owner previous to the filing of such mechanic's lien has that priority, even where the deed was recorded after the filing of the lien. (*Cox* v. *Broderick,* 4 E. D. Smith, 721; *Sinclair* v. *Fitch,* 3 id., 677; *Noyes* v. *Burton,* 29 Barb., 630; *Quimby* v. *Sloan,* 2 E. D. Smith, 594, 616; *Cronk* v. *Whitaker,* 1 id., 647; *Lebretter* v. *Koffman,* id., 664; *Chamberlain* v. *O'Connor,* id., 665; *Keupler* v. *O'Connor,* id., 672; *Mrs. Aubury* v. *Mildun,* 1 Daly, 396; *Bailey* v. *Johnson,* 1 id., 61; *Ems* v. *Reed,* 49 Barb., 367.) The equitable

lien under the agreement to give a mortgage was not merged in the first or second mortgage, neither was the first mortgage merged in the second mortgage under the circumstances. (*Butler* v. *Miller*, 1 Comst., 496, per COMSTOCK, J. ; *Gregory* v. *Thomas*, 20 Wend., 17 ; *Phelps* v. *Johnson*, 8 Johns., 58 ; *James* v. *Morey*, 2 Cow., 285, 313, and cases there cited ; *Van Nest* v. *Latson*, 19 Barb., 604 ; *Russell* v. *Austin*, 1 Paige, 192 ; *Schermerhorn* v. *Merrill*, 1 Barb., 511 ; *Spenser* v. *Harford*, 4 Wend., 381 ; *Cooper* v. *Whitney*, 3 Hill, 95 ; *Clifton* v. *White*, 15 Barb., 90 ; *Barnes* v. *Canack*, 1 id., 392 ; *Hyde* v. *Tanner*, 1 id., 76 ; *Heighway* v. *Pendleton*, 15 Ohio, 735 ; *Grimes* v. *Kimball*, 3 Allen, 518 ; *Sherwood* v. *Elslon*, 5 Ind., 218 ; 4 Kent, 114–117 ; 6 Johns. Ch., 393 ; *Forbes* v. *Moffat*, 18 Ves., 384 ; *Gregory* v. *Thomas*, 20 Wend., 17–20.)

BARNARD, P. J. :

In September, 1871, Palmer, the defendant, and one Doran, agreed with Charles Halsted, in consideration that said Halsted would furnish $8,000 in building materials, to pay half cash and half " in a first mortgage on one of the thirteen houses now being erected by the said Doran." The materials were furnished, the houses were built, and on or about the first of May, 1872, Palmer, who owned the fee of the land, delivered to Halsted a mortgage for $4,240, being for said half payment, with six per cent added to the cash value of said materials, " as called for by the agreement." This mortgage was not acknowledged nor attested by a subscribing witness. On the 19th of June, 1872, William Wilson, one of the defendants, filed a notice establishing a lien on all the houses and lots, under chapter 478, Laws of 1862. On the 24th of June, 1872, Halsted procured Palmer and wife to acknowledge the mortgage, and recorded it on the 9th of August, 1872, in Kings county. On the 21st of September, 1872, Halsted, fearing that the six per cent added to the cash value of the goods might be held usurious, applied to Palmer to give a new mortgage, omitting the six per cent. This was done on that day. This mortgage has been assigned to plaintiff and a foreclosure action brought thereon.

The question is as to the priority of lien between the plaintiff and Wilson. Halsted has an equal right to payment in equity ; he sold goods which not only went into the premises in question, but

also those which went into the remaining houses on which Wilson has an undoubted lien. By the agreement, he would have an abso-lute right to the mortgage if the particular house and lot had been designated. By the mortgage delivered before Wilson's lien was filed, it was designated. If a mortgage is a " grant in fee or of a freehold estate," under 1 Revised Statutes, 738, it was good between the parties. ( *Wood* v. *Chapin*, 13 N. Y., 509.) The lien law only establishes such lien to the extent of the right, title and interest of the owner at the date of filing the notice of lien. Halsted, then, had a right, as against Palmer, to a mortgage on this property, enforceable in equity as a specific lien thereon. (*Matter of Howe*, 1 Paige, 125; *Dwight* v. *Newell*, 3 N. Y., 185.) Such a lien would take precedence over all subsequently acquired judgments.

I think Halsted lost no right by the change of the mortgages; both were set up in the complaint, and no usury was either proven or claimed upon the trial. The giving of the second mortgage did not pay the first, and was not intended to pay it. There was no intention to change its priority. Halsted was ignorant of the intervening lien. Wilson has lost nothing by the cancellation of the first mortgage. Equity has power to give the substituted mortgage priority for the purpose of justice. (*Barnes* v. *Camack*, 1 Barb., 392.) I think the judgment ought to be affirmed, with costs.

GILBERT, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.