*282 OPINION of the Court, by
Ch. J. Boyye.
This waM an action by petition and summons upon thefollow-⅛’ note, viz. “ 1 acknowledge myself justly indebted to Lewis Castleman the sum of seventy pounds, for va-]ue received of him this 11th day of October 1805. Evan rp „• „
The defendant appeared and filed two pleas, the oh-ject of wbich was to impeach the consideration of the n°te. ^’kc matter contained in both of the pleas is essentially the same, and is in substance as follows: That the plaintiff put into the bauds of the defendant leather ^ pe g0}(¡ por flie use 0f plaintiff by the defendant as t. v his agent; that the defendant kept the leather in his store, as he did his own goods ; that the leather, toge-tker w'th the defendant’s store, was casually destroyed by fire without his fault; and that from a mistaken ap~ prehension of his liability to pay for the leather, he ex-edited the note iu the petition mentioned, and for no . , ,. *■ COnSluCFiltlOll*
To these pleas the plaintiff demurred, and upon the demurrer the court below adjudged the pleas insufficient and gave judgment for the plaintiff for the amount of the note with interest from its date. To that judgment this writ of error with supersedeas is prosecuted, and the assignment of error questions as well the correct-ness of the decision of the court below in adjudging th* *283 pleas insufficient, as the propriety of giving judgment for interest from the date of the note.
for money wiihout ⅞>“⅛»⅛ ⅛* tereft from the d«e-
We are of opinion that neither of these points can be sustained. That the matter alleged in the pleas is not sufficient to excuse the defendant in the action from any responsibility to the plaintiff on account of the loss of the leather, vve apprehend there can be but little doubt: for as the defendant received the leather to sett for the use of the plaintiff', his undertaking imposed upon him an obligation not only to keep it with due care, but to use ihie diligence to sell it. To discharge himself, therefore, from all liability, it was not sufficient to aver that he had kept the leather as he did his own goods, without also alleging that he had used proper diligence to sell it and had failed : for if with the exertion of competent diligence, he might have sold before the casualty happened which produced the loss, and he did not sell, he would unquestionably be bound to sustain the loss.
As neither of the pleas contain such an allegation, they were therefore correctly adjudged insufficient by the court below.
As to the propriety of giving judgment for interest from the date of the note, there is still less room for doubt. There is no time specified in the note when the money Should be paid; and according to the settled doctrine of the law, where there is no time specified for the performance of. an act which is in its nature transitory, as the payment of money most indisputably is, the act is to be performed presently. This case is therefore, wholly unlike the case of a note payable upon demand or request. In the latter case the demand or request, by the express terms of the contract, is made a precedent event or condition upon which the money is payable, and until the event happens the interest cannot regularly begin to run.
Judgment affirmed with costs and damages.