relative to granting letters testamentary or of administration, (2 R. S. 73,) provides that no letters of administration shall be granted to a person *convicted* of an infamous crime ; not to any one incapable by law of making a contract; nor to an alien unless he resides in this State ; nor to a minor ; nor to any one who shall be adjudged incompetent by the surrogate to execute the duties of such trust by reason of drunkenness, *improvidence,* or want of understanding ; nor to a married woman.

In this case the chancellor decided, that under these provisions of the statute a surrogate has no discretion to exclude the person declared by the statute to be entitled to a preference, except for the causes specified in the 32d section.— That no degree of legal or moral guilt or delinquency is sufficient to exclude a person from the administration, as the next of kin, in the cases of preference given by the statute, unless such person has been actually convicted of an infamous crime. And that the conviction intended by the statute must be upon an indictment or other criminal proceeding.

That the improvidence contemplated by the statute as a ground of exclusion, is that want of care or foresight in the management of property which would be likely to render the estate and effects of the intestate unsafe, and liable to be lost or diminished in value by his improvidence, in case administration thereof should be committed to the improvident person.

Decision of the surrogate affirmed, but without charging appellant with costs upon the appeal.

*John H. Linsman* v. *Nicholas H. Stevens et al.* C. O'-Connor, for complainant; O. L. Barbour and H. H. Wheeler, for defendants. Order dismissing bill with costs as to all the defendants who have appeared and answered for want of prosecution.

*James A. Clark, adm'r, &c.,* v. *Samuel A. Willoughby.* E. Sandford, for appellant; C. H. Owen, for respondent. Appeal from an order of the vice-chancellor of the first circuit ordering the defendant's exceptions to the master's amended report to be taken off the files. The chancellor de-

*Exceptions to master's amended report; what questions may be raised by.*

cided that it is irregular to attempt to raise the same ques-
tions by new exceptions to a master's amended report, which
have been considered and decided by the court on the excep-
tions to the original report.

That where a report is sent back to be amended upon the
hearing of exceptions to the same, it is not open for review
generally by the master; unless the court expressly authori-
zes the master to do so; or the nature and scope of the ex-
ceptions allowed necessarily embrace the whole subject matter
of the account originally taken by the master.

That the usual order *nisi* to confirm the report which is
entered upon the filing of such report, becomes absolute at
the end of eight days, except as to the matters embraced in
the exceptions. Therefore the decretal order made upon
the exceptions need not direct the report to be confirmed as
to those parts which are not directed to be altered or reconsi-
dered by the master.

That a party cannot, by excepting a report which has been
properly made, pursuant to the instructions of the court as
contained in the order of reference, indirectly review the
decision of the court in giving such instructions. That if he
is dissatisfied with the order, he must either apply for a re-
hearing directly, or appeal.

Order appealed from affirmed, with costs.

---

☞ The subscriber will at all times give his prompt attention to such counsel
business before the Chancellor, including ex parte motions necessary to be heard in
evacation, as may be sent to him. It is his intention hereafter to attend the Chan-
cellor's regular and special terms at Albany, and at New-York, as well as the spe-
cial terms held at this place.

Papers intended to be used at any of the terms held at Albany may be sent to the
care of the Register of the Court; and such as relate to motions, &c. in New-York
to the care of Messrs. Halliday and Jenkins, 8 Wall-street.

O. L. BARBOUR

Saratoga Springs, Aug. 8, 1845.

---

BENJAMIN F. SHERMAN,

TAXING & EXCEPTION MASTER,

FOR FIRST CIRCUIT,

*NO. 35 WALL STREET,*

New-York.