JUDGE HARDIN
delivered the opinion op the court:
The plaintiff in this action sought to recover one thousand nine hundred and ninety-two dollars and seventy-three cents, with interest from the 1st day of January, 1865, for the net proceeds of eleven hogsheads of tobacco, which he consigned to the defendants from St. Louis, Missouri, in September, 1864, for sale by them as commission merchants in the city of New York, for which he alleged the defendants realized said sum, and therefore became indebted to him, with interest from the 1st day of January, 1865.
The defendants answered the plaintiff’s petition, and admitted that they received the tobacco as commission merchants for sale, but deny they realized therefor the sum claimed, or that they were indebted in that amount. They stated that one hogshead only of said tobacco was sold by them on the 22d of November, 1864, and the balance was not sold till the 15th of December, 1865, the plaintiff having instructed them to use their own judgment in holding or selling the tobacco; and they exhibited what they alleged to be a correct account of the sales and their credits, showing a net balance in their hands of five hundred dollars and eighty-six cents, for which they consented that judgment might be rendered against them.
On the report of a commissioner to ascertain the amount due the plaintiff, the court rendered a judgment for the plaintiff for one thousand nine hundred and seventy-one dollars and eighty-one cents, and the defendants have appealed from that judgment.
It is true, as suggested for the appellants, no cause of action is alleged in the petition for neglect in failing (o sell the tobacco; but the action rests on the ground that the defendants, by sale or appropriation of the tobacco, *301 became indebted to the plaintiffs in said sum of one thousand nine hundred and ninety-two dollars and seventy-three cents for its proceeds.
There is some contrariety of evidence ate to the quality and value of the tobacco; but the evidence seems to sustain the balance in favor of the plaintiff, as reported by the commissioner and adjudged by the court, if the order of reference, prescribing the basis of the report of the commissioner, was right. That order, instead of directing the commissioner to charge the defendants with the net proceeds of the tobacco according to the proof of actual sales, whether made within a reasonable time or not, directed him to report “ the amount due plaintiff from defendants, charging defendants with the market value of the tobacco in New York at the expiration of a reasonable time for the sale of it after its arrival in New York, and crediting the charges on said tobacco paid by them and proven.”
The court thus treated the tobacco, after a reasonable time for selling it had elapsed, as having been appropriated or converted by the defendants, or withheld from market for purposes of their own, if not actually sold at an earlier period than that which they alleged, and the evidence conduced to prove, and devolved on them the loss resulting from what appears to have been an unusual and extraordinary decline in the price of tobacco on the New York market.
It is a well-sqttled principle, that an agent who receives and undertakes to sell the property of another, is required by his undertaking, in the absence of special instructions, to use due diligence to sell it; and the law will not imply an unlimited discretion in the agent to sell the property or keep it on hand indefinitely, as he might his own property, but he must sell the property, having, however, a *302 reasonable time allowed him for doing so, without unnecessary loss to his principal. (Frances vs. Castleman, 4 Bibb, 282; Story on Agency, sec. 186.)
In this case it was alleged by the plaintiff, and not controverted by the defendants, that the tobacco was consigned to, and received for sale by, them as commission merchants ; thus a general direction to sell accompanied the tobacco into their hands, and to avoid liability for' neglect, or responsibility for the property itself, as converted or appropriated to their use, the bur-then was upon them of proving that they withheld the tobacco from sale beyond a reasonable time for doing so under instructions from the plaintiff; and it did not devolve on him, in case no such instructions were given, to prove a further or other order for the sale of the tobacco than that which accompanied its consignment to the appellants. They alleged, but wholly failed to prove, that they withheld the tobacco from sale under the plaintiff’s instructions.
It was not material, therefore, whether the facts proved by the witness, O’Bannon, were sufficient to show that the appellants were specially requested by letters from the appellee to sell the tobacco or not.
From these views it results, that, in our opinion, the chancellor properly adjudged that the sales should have been made by the appellants in a reasonable time after the arrival of the tobacco in New York; and that the appellants should account for the reasonable value of the tobacco in the New York market at the expiration of such time.
It appears that the appellants received the tobacco in New York about the first day of October, 1864; and the commissioner, allowing five months as a reasonable time for selling it, charged the appellants for what appears *303 from the evidence to have been its market value on the first of March, 1865, which, including the price of one hogshead sold in November, 1864, amounted to two thousand one hundred and thirty-three dollars and sixty-five cents, from which charges of the appellants were deducted, amounting to four hundred and , fifty-five dollars and fifty-one cents, leaving a balance of one thousand six hundred and seventy-eight dollars and fourteen cents as due the plaintiff, which, with interest added, composed the sum for which the final- judgment was rendered ; and this adjustment seems to us to be as favorable to the appellants as the facts of the case would authorize.
Wherefore, the judgment is affirmed.