# JANUARY TERM, 1879.

---

THEODORE H. EATON v. WESLEY TRUESDAIL, EMILY L. TRUESDAIL AND HENRY N. WALKER.

*Chancery Procedure—Decree based upon Commissioner's Report cannot be reviewed unless the report was excepted to before the decree was made—Interest can be implied upon a security, but only at the statutory rate.*

Where a reference has been duly decreed for the purpose of obtaining a basis for a final decree, the commissioner's report binds the parties, if not excepted to, and the court should decree in accordance with it; and when the report has been confirmed without objection and followed by a final decree that is allowed to stand, an appellate court cannot review it or re-examine any part of the final decree that rests upon it.

Where an interlocutory decree, in ordering a reference, decides the turning point in the case, exceptions to the commissioner's report are not available to compel the court to re-examine the point decided; the proper remedy is by motion or petition to the court or by resorting to the appellate court.

An interlocutory decree, ordering a reference, decided that complainant was entitled to interest and fixed the rate. *Held* that an omission to except to the commissioner's report did not preclude the defendant from appealing from the decree on these points.

A debtor on certain promissory notes running at ten per cent. and all maturing together, gave his creditor a mortgage deed for a sum less than the amount of the notes. The deed was made eight months after the notes, and did not refer to them or expressly identify the debt, nor did it specify a time for payment nor make any provision for interest. *Held* that it was due as soon as given, and by implication a security bearing interest from its date, or at least from the maturity of the notes, but as it was a distinct security in itself, interest on it could be implied only at the statutory rate of seven per cent.

Interest can be implied at seven per cent., but not at ten.

Ten per cent. interest must be stipulated for in writing.

Appeal from St. Clair. Heard October 8, 1878. Decided January 8, 1879.

FORECLOSURE. Wesley Truesdail appeals. The facts are in the opinion.

*R. P. Toms* for complainant and appellee. A commissioner's report stands if not excepted to, *Butterfield v. Beardsley*, 28 Mich., 423; *Slater v. Breese*, 36 Mich., 79; *Remsen v. Remsen*, 2 Johns. Ch., 494; *M. E. Church v. Jaques*, 3 Johns. Ch., 77; *Byington v. Wood*, 1 Paige, 145. The identity of the debt secured by a mortgage that does not refer to it in terms, may be shown by parol; see *Bourne v. Littlefield*, 29 Me., 302; *Cushman v. Luther*, 53 N. H., 562; *Shirras v. Caig*, 7 Cr., 50. Where time of payment is not specified, the debt secured by a mortgage deed is payable immediately and draws interest from the date of the conveyance, *Purdy v. Philips*, 11 N. Y., 406; *Gillett v. Balcom*, 6 Barb., 370; *Reid v. Rensselaer Glass Factory*, 3 Cow., 436; *Youmans v. Heartt*, 34 Mich., 397. Under the American rule, interest is given even if there is no stipulation for it, as an invariable legal incident of the principal debt, from the date of default, and after the maturity of a mortgage debt the creditor is entitled to interest by operation of law and not by any provision of the contract, *Spencer v. Pierce*, 5 R. I., 71; *In re Bartenbach*, 11 N. B. Reg., 61: 2 Amer. Law Times Rep., 33; *Brewster v. Wakefield*, 22 How., 127.

*W. P. Wells* and *C. I. Walker* for defendant appellant. Interest cannot be recovered at common law without an express stipulation for it, Leake on Cont., p. 586; 2 Pars. N. & B., p. 391; if a mortgage is meant to secure interest, a provision for it would be inserted, *Foster v. Weston*, 6 Bing., 709; *Page v. Newman*, 9 B. & C., 378. Exceptions to a report are proper only where the master has come to erroneous conclusions, either of law or fact on the whole or some part of the evidence before him touching

the subject matter of the reference, *Schwarz v. Sears*, Walk. Ch., 21; *Tyler v. Simmons*, 6 Paige, 131.

[CALENDAR NO. 4065.]

GRAVES, J. Eaton having cashed certain paper made by Truesdail to the amount of $24,000 and being his creditor therefor, Truesdail on January 1st, 1857, took up such paper and gave to Eaton instead his four promissory notes on two years time and carrying semi-annual interest at the rate of ten per cent. a year. These notes were respectively for $10,000, $7,000, $4,000 and $3,000.

Eight months later and on September 4, 1857, Truesdail gave to Eaton an instrument having the general form of an absolute conveyance of land, but intended as a mortgage and on its face expressing that it was a mortgage for $21,000. It contained no express identification of the debt, and there were no terms expressly applying the paper to a specific $21,000. It was silent as to time of payment and in regard to interest.

In April, 1876, Eaton filed the present bill to obtain a decree declaring the instrument in question a mortgage, and further relief in the form of foreclosure.

The bill claimed that the whole principal sum of $21,000 remained unpaid and was past due, and asked that interest be allowed on it and that foreclosure be granted for the entire sum.

The answers of Walker and Mrs. Truesdail require no notice. The answer of defendant Wesley Truesdail, whilst admitting most of the bill, denied, first, that the mortgage deed was security for any interest whatever, and second, that any thing remained unpaid. Such were the chief questions raised by the pleadings. But in the progress of the controversy the vital points have come to be whether complainant is entitled to any interest, and if so, at what rate, complainant contending that he is not only entitled to interest, but to the rate specified in the

notes, namely, ten per cent., and defendant Truesdail insisting that no interest is authorized, but if otherwise, then only at seven per cent. It is virtually admitted that there is something still behind on the security.

The parties were examined as witnesses, and after hearing on the merits the court made an interlocutory decree and therein decided that Eaton was entitled to interest computed according to the terms of the notes, and ordered that it be referred to a commissioner to take further proofs as to payments and their application if the parties desired, and to report the amount due.

January 1, 1877, the commissioner reported due and unpaid $29,859.12 at that date. The fact appeared and he found that the interest was paid in full up to January 1, 1864. From that time he allowed interest on the debt at the rate of ten per cent. per annum, and he likewise allowed interest at the same rate on several payments credited to Truesdail.

No objections were offered before the commissioner or any complaint made against the report by exceptions or otherwise, and it was regularly confirmed under the rule. Subsequently the court proceeded to ground a decree upon it, and the defendant Wesley Truesdail appealed.

Complainant's counsel contends that inasmuch as no exceptions were filed to the report or any complaint brought against it by Truesdail, he must be deemed to have acquiesced, and is not now at liberty to question it or the matter of the decree resting on it, and hence cannot object to the allowance of interest.

There is no doubt in regard to the general principle. Whenever a matter is by decree duly committed to a commissioner to obtain the result of his investigation and judgment, to serve as a basis for a subsequent judgment or decree of the court, his regular report, if not excepted to or complained of, will bind the parties, and it is the duty of the court of first resort to decree accordingly;

and when it has been regularly confirmed without objection or exception and been followed by a final decree grounded upon it which is permitted to stand, it is not competent for an appellate court to review it or re-examine the matter of the final decree which rests upon it.

This is the general rule, and defendant's counsel admits it. He contends, however, that the question as to interest here is practically unaffected by the rule, and it appears to the court that this view is correct.

Exceptions to a report are in the nature of an appeal from the decision of the commissioner to the court which has ordered the reference, and there can be no sensible foundation for an appeal to the court from the commissioner upon a question the parties have submitted to the court, and which the court has already decided in advance of the reference and as preliminary thereto, and in regard to which, moreover, the commissioner has no right of independent judgment, and has exercised no discretion. If the case be one where the interlocutory decree preceding reference decides the turning point, exceptions to the report are not available to compel the court to re-examine that point. There may be a motion or petition to the court of first resort, or the appellate court may consider the matter. Exceptions are not appropriate and are not necessary. In such a case it is the determination of the court and not that of the commissioner which is involved and complained of, and failure to except to the report of the one implies no acquiescence in the action of the other. *Clark v. Willoughby*, 1 Barb. Ch., 68.

As we have seen, the court in passing the interlocutory decree decided in favor of complainant upon the questions submitted to it concerning the right to interest and the rate allowable. These points are therefore not closed against appellant by the omission to object and except. They are distinct, however, and the first to be

considered is whether the court erred in deciding in favor of allowing interest at all.

The mortgage deed was given by itself several months after the notes, without referring to them and without terms of specific identification of the debt, and as a second and distinct security, and appellant's counsel insists that the effect due to it upon this inquiry must be liquidated by reference to the scope and import of its own terms and their lawful implications, and without recourse to antecedent documents.

Yielding to this position as correct, and the consequence is indubitable that the instrument containing no express promise of interest, and specifying no time of payment, either at a future day or on demand, was after all a mortgage for $21,000 due presently or as soon as given, *Sheehy v. Mandeville,* 7 Cranch, 208, 217, and by implication an interest bearing security from its date. *Hummel v. Brown,* 24 Penn. St., 313; *Selleck v. French,* 1 Conn., 32; *Roberts v. Cocke,* 28 Gratt., 207; *Reid v. Rensselaer Glass Factory,* 3 Cow., 393: 5 id., 587; *Heath v. Page,* 63 Penn. St., 108; *Swett v. Hooper,* 62 Me., 54; *People v. New York,* 5 Cow., 331; *Dodge v. Perkins,* 9 Pick., 369; *Rapelie v. Emory,* 1 Dall., 349; *Lessee of Dilworth v. Sinderling,* 1 Binn., 488; *Goodloe v. Clay,* 6 B. Mon., 236; *Aikin v. Peay,* 5 Strobh., 15; *Weeks v. Hasty,* 13 Mass., 218; *Cheesborough v. Hunter,* 1 Hill (S. C.), 400; *Smetz v. Kennedy,* Riley, 218; *Taylor v. Knox's Ex'rs,* 1 Dana, 391: s. c., 5 id., 466; *Brewster v. Wakefield,* 22 How., 118, 127.

In *Farquhar v. Morris,* 7 Term R., 124, the suit was on a bond which neither specified a time for payment nor expressly reserved interest, and counsel contended that no interest could be allowed. But the court said, "There is no doubt but that interest is payable from the time of payment, namely, from the date, though not expressly reserved."

In *Purdy v. Philips,* 1 Duer, 369, the Superior court ruled in the same way, and Chief Justice Oakley cited

the case in Term, and *Francis v. Castleman*, 4 Bibb, 282, as laying the law down correctly on the subject, and the Court of Appeals distinctly affirmed the decision of the Superior court. 1 Kern., 406. See also *Clark v. Barlow*, 4 Johns., 183; *United States v. Gurney*, 4 Cranch., 333; *Young v. Godbe*, 15 Wall., 562; *N. Penn. R. R. Co. v. Adams*, 54 Penn. St., 94.

In *Young v. Godbe*, supra, the Supreme Court of the United States decided that on an account stated in a territory where there was no statute concerning interest, the right to interest might be implied and the amount reckoned on the debt after the rate generally practiced and recognized at such place.

If the instrument separately considered warrants interest, it is equally true that it would give ground for it if the other transactions were grouped with it.

The authorities cited and many others show clearly that the circumstances would imply the right to add interest, at least from the maturing of the notes in January, 1859, and there is no foundation for any question about interest earlier than that.

The conclusion on this branch of the case is therefore that the court did not err in deciding that interest was allowable.

The next question relates to the rate. The ruling that the amount of charge upon the land under the mortgage deed should be graduated and controlled by the terms concerning interest in the promissory notes, and that as such notes contained appellant's written stipulation for interest at ten per cent., that therefore the same rate of interest should be allowed on the security in question, was error.

The mortgage deed was a subsequent and supplementary security not connected with the notes and not given to secure them. It did not mention them or refer to their terms or conform to their provisions, and material stipulations in the notes cannot be imported into it with-

out destroying its legal identity as a contract. If it were described in pleading as a contract stipulating for interest at ten per cent. it would be a misdescription and the instrument itself would not support the allegation.

The statute prescribes seven per cent. where the parties do not stipulate in writing for a different rate (Rev. Stat., 1846, ch. 34), and there was no stipulation in writing for ten per cent. on this security. Allowance at seven per cent. may be implied, but one at ten cannot be. To warrant the latter rate there must be a stipulation for it in writing.

The case is not open for review in that part of it allowing payments. The subject was given to the commissioner for adjustment upon evidence, and he decided. No exceptions were filed and we are not informed in regard to the facts on which he acted, and cannot say whether his conclusion was correct or not. Presumably it was right. No steps have been taken or means provided for any review.

The decree must be corrected by making the computations at seven per cent. instead of ten, and for this the record appears to afford the proper materials. The appellant will recover the costs of this court, and the case must be remanded for the execution of the decree as corrected.

The other Justices concurred.