### HERMAN H. HETTLER LUMBER CO. v. OLDS.

(Circuit Court of Appeals, Sixth Circuit. June 15, 1917.)

#### No. 2898.

1. DAMAGES ⊕⟶68—ACTION ON CONTRACT—CONSTRUCTION OF STATUTE.

How. Ann. St. Mich. 1912, § 2874, which provides that "in all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by any other mode of assessment according to law, it shall be lawful * * * to allow and receive interest upon such amount * * * until payment thereof, or until judgment shall be thereupon rendered, and * * * the interest on such amount shall be added thereto and includ-

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed in the judgment," does not authorize the jury, in an action to recover an unliquidated amount claimed to be due on contract, to add interest to the sum they find to have been due, and include the same in their verdict, but applies only to a case where the amount due has been definitely liquidated, and authorizes the allowance of interest from that time until it is carried into judgment.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143.]

**2. DAMAGES ☞68—BREACH OF CONTRACT—INTEREST.**

Under the law of Michigan, as settled by decision in harmony with the general American rule, in the absence of statute, where a sum certain is found to be due on a contract, interest in the nature of damages is recoverable from the the time when the money should have been paid.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143.]

**3. DAMAGES ☞68—BREACH OF CONTRACT—INTEREST.**

Plaintiff contracted to sell lumber to defendant, to be paid for on delivery at certain prices according to grade; the quantity and grade to be determined by a firm of inspectors named. One delivery defendant refused to pay for at the contract price, on the ground that such a gross mistake was made in the inspection as to effect a fraud. On this issue the jury found in favor of plaintiff, and under the instructions of the court returned a verdict for the contract price, with interest. *Held* that, under such finding, the action of the inspectors was binding on the parties, and that interest was properly allowed on the full contract price.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143.]

In Error to the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Action at law by Millard D. Olds against the Herman H. Hettler Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Jerome N. Frank, of Chicago, Ill., for plaintiff in error.

C. S Reilley, of Cheboygan, Mich., for defendant in error.

Before WARRINGTON and DENISON, Circuit Judges, and KILLITS, District Judge.

KILLITS, District Judge. March 9, 1907, the defendant in error (whom we will hereafter call the plaintiff) entered into a written contract (memorandum of sale) with the plaintiff in error (hereafter called the defendant) whereby the latter agreed to buy of the former certain lumber to be delivered to defendant on the dock at Cheboygan, Mich., at his demand, and to be paid for "cash, less 1½ per cent. when shipped." Prior to the delivery of this lumber, it was agreed that the firm of W. L. Martin & Co. should inspect the same, and it appears to have been the custom of the business that the inspection of a mutually selected inspector should be conclusive upon the parties, in the absence of fraud or mistake so gross as to be in fact equivalent to fraud. The controversy in the present case arises over a shipment of certain lumber delivered on board the steamer of defendant October 25, 1907; the gross amount due plaintiff for this shipment, according to the inspection of Martin & Co., being $8,324.82.

Defendant contended that the inspection by Martin & Co. proceeded upon so gross a mistake as to effect a fraud, and this case has been before this court hitherto upon that subject. 221 Fed. 612, 137 C. C. A. 336. The issue made upon the allegation of gross mistake was sub-

mitted to a jury, and was resolved in favor of plaintiff in a second trial, concluded October 14, 1915, with a verdict finding the amount due to have been the amount of the Martin inspection ($8,324.82), with interest—in all, $11,636.08. There was no dispute at any time that if the inspection of Martin & Co. were reasonably acceptable, the amount due plaintiff would have been $8,324.82 as of the date of shipment, October 25, 1907, less discount of 1½ per cent., should defendant pay cash according to the terms of the memorandum. The whole controversy, therefore, between the parties, rested upon the contention of defendant that the inspection was accompanied by mistakes so gross as to work a fraud upon it.

The precise question before this court is whether, under the law of Michigan, plaintiff should have been allowed interest on the amount, as found due by the jury, from the date of shipment, October 25, 1907, to date of verdict, October 14, 1915, such interest to be computed as part of the judgment; the trial court having directed the jury to "allow interest at the rate of 5 per cent. per annum from the 1st day of November, 1907, to the date of the verdict."

It is claimed on behalf of the defendant that interest cannot be allowed in Michigan, unless provision is made by statute therefor specially applicable to a case of this character, and Kermott v. Ayer, 11 Mich. 181, and Tousey v. Moore, 79 Mich. 564, 44 N. W. 958, are cited. In each case, there is repeated without discussion this statement, "Interest in Michigan is purely statutory." The later case cites the former, and it appears from a consideration of the latter that the court made this statement as applicable to an attempt to recover in Michigan on a Canadian contract a rate of interest prevalent in Canada; the contract being silent as to interest. The full remark of the court is:

"Interest in Michigan is purely statutory, and we think no presumption can exist that any country has adopted our local statutes."

And the whole case leads to the conclusion that the court means to say, simply, that the rate of interest is to be determined only by the terms of the statute of Michigan. We are referred to two statutes of Michigan as having more or less bearing upon the issue before us. One (section 2869, Howell's Statutes, Second Edition) certainly is applicable, for it provides that, in the absence of special stipulation between the parties, "the interest of money shall be at the rate of five dollars upon one hundred dollars for a year, and at the same rate for a greater or less sum, and for a longer or shorter time."

[1] Plaintiff contends that the court below was justified in its instruction to the jury to allow interest by virtue of the provisions of section 2874, Howell's Statutes,[1] but defendant's counsel insist that

---

[1] "In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by any other mode of assessment according to law, it shall be lawful, unless such verdict, report, award, or assessment shall be set aside, to allow and receive interest upon such amount so ascertained or liquidated, until payment thereof, or until judgment shall be thereupon rendered; and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment."

this statute has nothing whatever to do with the case. In this we believe defendant's counsel to be right. A careful examination, it seems to us, shows that the statute provides only for the application of interest upon an amount ascertained by verdict, or arbitration, or otherwise, and thereby definitely liquidated, using that term in the sense of a final determination of the amount due, until the ascertained sum is carried into judgment, or paid prior to judgment, and that it does not provide for the addition by a jury of interest to the amount the jury finds due, with a view of rendering a verdict upon the aggregate amount of principal and interest. The preceding section (2873, Howell's) provides that judgments shall bear interest until paid or collected; section 2874 seems designed to meet instances where an interval may have occurred between liquidation by special means, such as described in the statute, and the making up of a judgment thereon. We conclude that Michigan has no statute directly upon the subject of interest on a claim of the character here involved, except section 2869, which provides a legal rate.

[2] But so holding with counsel for the defendant by no means disposes of the case adversely to the plaintiff, for we find, in considering the authorities in Michigan, that the practice there is, in harmony with the general practice in the United States, to consider interest as always allowable as damages for withholding payment of a sum certain after the same is due. 22 Cyc. tit. Interest, pp. 1469, 1471, 1473, 1474, et seq. In Beardslee v. Horton, 3 Mich. 560, the court says:

"When credit is given for a specified or indefinite time, interest is not allowable in the absence of a special agreement to pay interest; but after the expiration of the time in the one instance, and a demand in the other, interest is allowed. The right to recover interest in this case is supported by the authorities cited by plaintiff, viz.: Pease v. Barber, 3 Caines [N. Y.] 266; Ried v. Rensselaer Glass Factory, 3 Cow. [N. Y.] 423."

In McCreery v. Green, 38 Mich. 172, the court says, on page 185:

"It is a general rule here that a failure to pay money promised when by law it ought to be paid authorizes the allowance of interest in the nature of damages for the improper detention of the sum so promised."

See, also, Eaton v. Truesdail, 40 Mich. 1; Lucas v. Wattles, 49 Mich. 380, 13 N. W. 782; Boyce v. Boyce, 124 Mich. 696, 83 N. W. 1013; Pomeroy v. Noud, 145 Mich. 38, 108 N. W. 498.

The facts of none of these cases can be brought within the provisions of section 2874. The decisions are explicable only upon the theory that the practice in Michigan is consistent with that in jurisdictions where, in the absence of statute, interest is recoverable as damages. The American rule on this subject was early laid down, after careful consideration of the cases then extant on the subject, in the case cited with approval and followed by Johnson, J., in the Beardslee Case, namely, Ried v. Rensselaer Glass Factory, 3 Cow. (N. Y.) 393, 419–423, affirmed by the Court of Errors in 5 Cow. (N. Y.) 587. It is obvious, from a consideration of the appropriate title in any text-book or encyclopedia of law, that the rule is still in full force where not directly modified by statute. This court would be temerarious indeed to assume, in face of the four decisions of that state, above cit-

ed, which follow, even if they do not specifically cite, Beardslee v. Horton, that the rule is not in operation in Michigan, for we are not able to see in the authorities from Michigan cited by defendant any inconsistency with the conclusion we deduce from the Beardslee, McCreery, Eaton, Lucas, Boyce, and Pomeroy decisions, for the reason that, between the two classes of cases, there is a controlling distinction in the character of the facts.

People ex rel., etc., v. Treasurer of the County of Wexford, 37 Mich. 351, cited by defendant, was an action in mandamus growing out of a dispute over the division of township funds following the making of two townships from one. The county treasurer was required to pay certain sums in his official possession to the treasurer of the new township. It was held that there was no claim for interest in the application for the writ, there being no demand for damages because the money was withheld; therefore, because it was not usual in mandamus "to advance beyond the application in according relief to the relator," there was no justification in including interest in the order, and it was further held that, because the litigants were substantially municipal bodies, it would be uncommon to require payment of interest, unless some statute or some contract relation pointed clearly to the justice of the requirement.

In Coburn v. Muskegon Booming Co., 72 Mich. 134, 40 N. W. 198, the action was upon a tort—a situation which is clearly distinguishable from the case before us. The rule is not applicable to cases in which, as of torts, both the right of recovery and the amount of damages are alike uncertain until a verdict is had. In Nelson v. Stewart, 174 Mich. 137, 140 N. W. 544, interest was disallowed in part, undoubtedly, as we read the case, because prior to a certain time the right of the plaintiff to demand anything of the defendants was in the clouds. Plaintiff was claiming that defendants overreached him, and employed counsel to recover money and property alleged to belong to him and in the possession of defendants. July 18, 1908, the parties effected a settlement of their dispute; defendants paying to plaintiff $2,000 and agreeing to pay further sums. The Supreme Court refused to allow interest prior to that date upon the amount then by defendants agreed to be due. It is easily seen why the court should have considered plaintiff's claim to have been, prior to that date, unliquidated in the broad sense of that term of elastic meaning, and therefore not subject to interest.

A consideration of all these cases leads us to believe that the court did not mean, by the expression in Kermott v. Ayer, supra, "that interest in Michigan is purely statutory," to say that interest should not be allowed in any case not within the provisions of some specific statute. We find, therefore, no error in the court's instruction to the jury.

[3] It remains now to consider whether the verdict is excessive in any degree. Defendant first complains that, because it was entitled to a cash discount of 1½ per cent., there is at the outset an irrefutable error against it in computation in the sum of $38.17, because, had it sought to take advantage of the discount provision, it need have paid the plaintiff, at the time of delivery, $8,199.95 in full settlement of the account, instead of the sum of $8,324.82 which the jury, accepting in full the Martin inspection, decided was then due, and that upon the dif-

ference between these two sums, $124.87, interest should not have been computed against it, which alleged erroneous interest it figures amounted to $38.17. It seems to us that it is sufficient answer to this contention to call attention to the fact that, by the court's specific instruction, interest was not computed from the date of shipment, at which time, or within a few days thereafter, defendant had the privilege to discount the bill for cash, but from a date (November 1, 1907) six days after shipment, before which day surely defendant's privilege to take the discount had been exhausted.

When the lumber arrived in Chicago, it received an inspection there which resulted in the determination by defendant that the true amount due from it to plaintiff was $6,556.21, or $1,768.61 less than the amount due by the Martin inspection and approved by the jury's verdict. Defendant's counsel argue that at any rate, if the instruction of the court on the subject of interest may have been generally correct, its application to the facts led to an excessive verdict, because the difference between the Martin and Chicago inspections, involving the sum of $1,768.61, raised a reasonable dispute, the merits of which were not ascertainable until satisfied by action of the jury, and that therefore $709.64, the interest at 5 per cent. upon this amount, should be deducted from the verdict.

The answer to this contention is found in a consideration that plaintiff's claim arose upon an express contract, which he had executed, and which provided for payment at a time certain for the sum due him. The parties to this contract agreed upon all the elements of liquidation of the amount to be due at that certain time; that result was to be reached by applying certain prices to the amounts of the different grades of lumber, and the determination of the quantities referable to the several prices, to be paid according to quality, was by agreement left to an inspecting firm. The inspector, therefore, occupied a position tantamount to that of an arbiter or referee. The contention which the jury was asked to pass upon was whether the award should not be impeached, and be set aside, and a corrected amount discovered. The finding of Martin & Co. having been determined by the jury to have been at least not impeachable, not only a rank injustice, it seems to us, would have ensued, had the plaintiff not been permitted to recover his damages for the withholding of a sum found to have been due him on delivery by the very agency upon which both parties agreed, but the principle established in the practice of Michigan, and followed in the cases we have cited, would have been violated.

We are of opinion, therefore, that the action of the trial court in charging upon the subject of interest was proper, and that the application of that instruction by the jury produced a just verdict.