## CHICAGO RY. EQUIPMENT CO. v. SUPERIOR CHARCOAL IRON CO.

(Circuit Court of Appeals, Sixth Circuit. April 9, 1926.)

No. 4147.

1. Sales ⟨⟩180(4)—Buyer cannot repudiate contract for sale of pig iron to be shipped in equal amounts monthly, on ground that seller had been delinquent in former months, where buyer had not suggested that seller was not carrying out contract to complete satisfaction of buyer.

Under contract for sale of pig iron to be shipped in equal amounts monthly, buyer *held* not entitled to repudiate its remaining tonnage liability on ground that seller had been delinquent in former months, where buyer had not suggested that seller was not carrying out its contract in accordance with buyer's understanding and to its complete satisfaction.

2. Appeal and error ⟨⟩1029—Any ruling as to seller's right to recover on extension of contract of sale held not prejudicial, where jury found that time for delivery was not extended.

In seller's suit for buyer's refusal to accept shipments of pig iron in accordance with contract, buyer was not prejudiced at trial by any ruling with regard to seller's right to recover on an extension of the contract, where jury found that time for delivery had not been extended.

3. Damages ⟨⟩68—In suit for unliquidated damages claimed due on contract, jury held authorized, on awarding specific amount for damages, to award a specific amount for interest (Comp. Laws Mich. 1915, § 5996).

Under Comp. Laws Mich. 1915, § 5996, jury *held* authorized in action to recover unliquidated amount claimed to be due on contract, on awarding a specific amount for damages, to award a specific amount for interest.

In Error to the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Action by the Superior Charcoal Iron Company against the Chicago Railway Equipment Company. Judgment for plaintiff, and defendant brings error. Affirmed.

The plaintiff in error was the buyer, the defendant in error the seller, in a written contract between them, made in February, 1920, for the sale of 3,000 tons of pig iron. The sole provision in regard to time of performance by the seller was: "Shipment—ship equal amounts monthly, July to December, 1920." Ton shipments were made and accepted as follows: July, 148; August, 413; September, none; October, 498; November, 1,009; December, up to the 10th, and including a shipment then on board cars and later sent and accepted, 541 tons—leaving 435 tons undelivered out of the 3,000 sold. On December 10th the buyer, directed, either that no more shipments be made, or that shipments be suspended until after January 1st, according as its request is to be interpreted. On December 31st it directed, either that the contract be ended, or that shipment be suspended subject to a future adjustment, again as its conduct may be interpreted. After repeated offers by the seller to ship, with no response from the buyer, there was at a much later time an unquestionable and complete refusal by the buyer to accept anything, then or later. Thereupon this suit was brought by the seller. The state of the market was such that, if the contract was broken by the buyer on December 10th, there were no damages; if on December 31st, $10 per ton; and if at a later date, a larger sum. The court left to the jury the question whether the buyer had waived any right to complain of the nondelivery of the earlier installments on time, and the question as to the date of the final breach by the buyer. The jury found for the seller, assessing its damages at $10 per ton, and thus fixing the breach date as of December 31st. The jury also awarded interest from that date.

Harold W. Bryant, of Grand Rapids, Mich. (Knappen, Uhl & Bryant, of Grand Rapids, Mich., on the brief), for plaintiff in error.

Julius H. Amberg, of Grand Rapids, Mich. (Butterfield, Keeney & Amberg, of Grand Rapids, Mich., on the brief), for defendant in error.

Before DENISON, DONAHUE, and MOORMAN, Circuit Judges.

DENISON, Circuit Judge (after stating the facts as above). The questions presented to this court are: Whether the seller had broken the contract by its early nondeliveries; whether, if so, the buyer had waived any

rights thereby resulting to it; whether a valid new contract had been made for delivery after January 1st; and whether interest should be allowed. We have recently had occasion to consider in different aspects several of these installment delivery contracts, and have sufficiently discussed their characteristics and effect. Consolidation Co. v. Peninsular Co., 272 F. 625; Everett v. Emmons Co., 289 F. 686, 692; Kalamazoo Co. v. Gerber, 4 F.(2d) 235, 239, 240; Gerber v. Borderland Co., 5 F.(2d) 278.

[1] They do not easily yield to a hard and fast classification, as being unitary or separate. They may be unitary in some respects and separable in others. Where we have, as here, a contract for a total sum within a fixed time, but deliverable in six installments, it cannot be considered as six separate unrelated contracts. There is no occasion to deny that either party might have had at the end of any month a right of action for an installment breach, and that later shipments, applicable on later installments, might have been made or received without waiving such damages; but under the conditions here existing there could be nothing more than an optional right to insist that these fractional times were of the essence of the contract. It is difficult to recognize this right as sufficiently fixed to require any very formal waiver to get rid of it; but whether we are thinking of a definite waiver, or of that conduct of the parties which characterizes and interprets a somewhat ambiguous obligation, it seems clear that on December 10th the buyer had no right to repudiate its remaining tonnage liability upon the ground that the seller had been delinquent in former months. Whether the buyer might nevertheless have had a right to counterclaim for its damages is a question not raised. During July, an earlier unexpired contract of the same kind between the same parties was being completed. During September, at least for a part of the time, the nonshipment was at the buyer's request, and never, from the beginning of operations under the contract until December 31st, or, for that matter, even then, had there been a suggestion from the buyer that the seller was not carrying out its contract in accordance with the understanding of the buyer and to its complete satisfaction.

[2] We see no escape from the conclusion that, on these undisputed facts and on the 10th day of December, the seller was obliged to deliver and the buyer was obliged to accept the remaining 435 tons on or before December 31st, unless the time should be extended. The buyer denies that the time for delivery was mutually extended, and the jury has found accordingly, pursuant to the first count of the declaration. The buyer cannot have been prejudiced at the trial by any ruling or decision with regard to the seller's right to recover as upon an extension, upon the theory of the second count.

[3] The verdict of the jury as finally entered was for a specific amount for damages and for a specific amount for interest; judgment was entered for the total. We see no reason why the Michigan statute (section 5996, C. L. 1915), which contemplates interest after liquidation, may not reach an antedated liquidation by the jury as well as the finding by the lumber inspector of Hettler Co. v. Olds (C. C. A. 6) 242 F. 456, 155 C. C. A. 232. Under the court's charge and the undisputed testimony, the jury clearly assessed the damages as of December 31st. Whatever doubt there was as to the federal rule, where not controlled by the state statutes, is set at rest by Miller v. Robertson, 266 U. S. 243, 257, 258, 45 S. Ct. 73, 69 L. Ed. 265. It is true that the action there was in equity, and that some force was put upon the definition of "debt," as used in the statute there involved; but, in view of the discussion of the reasons controlling the allowance of interest, these distinctions are immaterial. If the case is one appropriate for an allowance by the jury of interest upon damages which the verdict of the jury practically liquidates as of a former date, we cannot see that it should make any controlling difference whether the damages and interest are awarded each by its proper name and then added together, or whether the interest is first added in to make a part of the damages. Instances where it was not clear what the jury did might call for further consideration.

The judgment is affirmed.