**492**

# ORANGE COUNTY.

## MARCH TERM, 1841.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
 "  JACOB COLLAMER,
 "  ISAAC F. REDFIELD,  } *Assistant Justices.*
 "  MILO L. BENNETT,

BENJAMIN PORTER *v.* JOHN SMITH, and ASA STORY, admr. of BENJAMIN GRISWOLD, and DANIEL GOULD.

## (*In Chancery.*)

Where a mortgage is executed to secure the payment of promissory notes, and the notes are misdescribed in the mortgage, the mortgagee is entitled to relief in equity against a subsequent mortgagee.

THIS was an appeal, taken by the orator, from a decree of the court of chancery, upon a bill to foreclose a mortgage given by the defendant, Smith, to the orator, to secure the payment of two promissory notes.

The orator alleged in his bill that the notes described in the mortgage from Smith to the orator were executed in satisfaction of two other notes due the orator from said Smith, of the same amount of those described in the mortgage, and that, by mistake, the notes so executed were retained by Smith, at the time of the execution of the mortgage, and the notes intended to be taken up were left in the possession of the orator.

Benjamin Griswold was a subsequent mortgagee of the premises and, after foreclosing his mortgage, conveyed to the defendant Gould.

The bill was filed previously to the death of said Griswold,

and he and the other defendants, severally answered the bill. The answers of Griswold and Gould were traversed and testimony was taken. The substance of the bill, answers and testimony is sufficiently stated in the opinion of the court.

*W. Hebard,* for the orator, contended that the answers and testimony were sufficient to establish the fact that the mistake set forth in the bill, relating to the notes described in the mortgage to the orator, was made at the time of the execution of the mortgage, and that chancery had power and would relieve against such mistakes, and cited *Beardsley* v. *Knight et al.,* 10 Vt. R. 185. Fonb. Eq. 419. 1 Mit. Ch. Pl. 128, and authorities cited in note. *Langdon et al.* v. *Keith,* 9 Vt. R. 299. *Hadlock* v. *Williams,* 10 Id. 570. 3 Bl. Com. 425.

And he insisted that the mortgage to the orator, having been recorded, and the subsequent mortgagee having had notice, in fact, of its existence, at the time of taking his mortgage from Smith, no injustice would be done in sustaining the mortgage to the orator.

——————, for defendants, contended that the testimony of Smith was the only testimony in the case to sustain the facts relied upon by the orator, and that his testimony, being impeached, was not to be relied upon; that this case was not to be decided in favor of the orator upon a mere preponderance of testimony; 7 Dane, 548; and that the evidence of the alleged mistake must be clear and strong, to the entire satisfaction of the court, to entitle the orator to a decree. 2 Sw. Dig. 95. *Griswold* v. *Smith et al.,* 10 Vt. R. 452. He also contended that the fair inference to be drawn from the whole transaction between the orator and Smith, was, that the notes first described were intended to be secured by the mortgage, and if this were so, the orator could not be entitled to a decree in this suit, as the facts are not so stated in the bill.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This is an appeal from a decree of the court of chancery. The object of the orator's bill is to foreclose a mortgage, executed by the defendant, John

Smith. The bill states that Smith was indebted to the orator by a note dated April 6, 1825, in the sum of eighty dollars, and that he was also indebted to him on another note, executed by Smith to one Brainerd, dated June 4, 1825, for one hundred and thirty-one dollars, twenty-one cents; that on the tenth of September, 1825, Smith executed a mortgage to the orator to secure these notes, which was duly recorded, the condition of which was that he should pay two notes to the orator, dated June 4, 1825, one for eighty dollars, and one for one hundred and thirty-one dollars, twenty-one cents, payable to the said orator, on demand; that notes were made conformable to those described in the condition of the mortgage, and that by mistake, the notes described in the condition of the mortgage were retained by the said Smith, and the others left in the possession of the orator; that, on the fourteenth of December, 1830, Smith mortgaged the same land to Griswold, and on the nineteenth of March, 1838, Griswold conveyed to the other defendant, Gould. Smith, in his answer, admits the facts, as stated by the orator. Griswold, in his answer, does not admit nor deny the facts, as they were not within his knowledge, but admits knowledge of the orator's mortgage, and states that Smith agreed to pay it, that he, (Griswold) brought an action of ejectment against Smith to recover on his mortgage, obtained a judgment thereon, and the equity of redemption was foreclosed, and he entered into possession and afterwards conveyed to Gould; that while he was in possession, the orator commenced his action of ejectment against him to recover on his mortgage, and failed, because the notes were not correctly described in the condition of the mortgage, although other notes similar to the ones described had been substituted by Smith, a short time before the trial of that action. This answer is traversed, and the only testimony introduced is the mortgage deed, the two notes first mentioned, to wit; one dated April 6, 1825, one payable to Brainard, dated June 4, 1825, and the testimony of said John Smith.

As no fraud is either imputed or proved against the orator, no attempt to prove that the two notes he held against Smith have been in any way paid or satisfied, and as the mortgage deed from Smith to the orator was recorded a few days after

it was given, and long before the execution of the mortgage by Smith to Griswold, it is apparent the orator is entitled to some relief, and that there is no equity in the defence. The record of the mortgage to the orator, was constructive notice to Griswold, and to Gould, that the orator had a claim on the land as security for a debt due him from Smith, and of the amount of the claim, and, moreover, Griswold admits actual notice of the mortgage to the orator. If the defendants should succeed in setting this mortgage aside, it would be in consequence of a mere accident in writing the mortgage, or not exchanging the notes, which did not enter into the conconsideration of Griswold when he took his mortgage from Smith, and was no part of the inducement for him to advance the money to Smith and take the second mortgage.

Were it not for the decision made in the case of *Edgel* v. *Stanfords*, 3 Vt. R. 202, the orator would have had an undoubted remedy at law. Since that decision, we have always required the plaintiff, in an action of ejectment, who introduces a mortgage deed in evidence of his title, also to produce the obligations or notes described in the condition. In some of the other states the practice is different; the plaintiff only introduces his mortgage deed, and the defendant must prove the payment or fulfilment of the condition, and this was the opinion of the judge who dissented in that case. In such a case, the defendant could not have availed himself of a mistake in the description. The learned judge, who gave the opinion of the court in that case, says, that although the plaintiff had no remedy at law, in consequence of the misdescription of the note in the condition, the proper remedy was in chancery, " in which the court could compel ' the mortgagor to give a new mortgage, to rectify the mistake, ' or set forth the facts in a bill of foreclosure, and these be-' ing admitted or established, the court could make such a ' decree as equity should require." The defendant, Griswold, being a second mortgagee, having, by the record, constructive notice of the mortgage to the orator, is subject to all the equities arising on that mortgage between the orator and Smith.

If the facts were as supposed by the defendant's counsel, in his argument, that the mortgage was taken in fact to secure the two notes which the orator held, dated in April and

June, 1825, the orator would be entitled to his foreclosure. He is equally entitled under the facts set forth in his bill. Smith swears that the notes were executed as the orator states. He has no interest to render him an incompetent witness. It is true he is impeached, but, from the testimony of a number of his neighbors, it is evident his character is not wholly worthless, as they say his charater *for truth*, is good, and they would believe him under oath. The defendant, Griswold, proved no fact or circumstance to show that he was deceived or defrauded, or to establish any equity in himself. We ought not to doubt, therefore, that Smith has given a true relation of the transaction, and that it was as stated by the orator in his bill. It is only conjecture that the facts were otherwise, and not testimony or evidence, and we ought not, on mere conjecture, to require the orator to bring a new bill on a state of facts which he could not prove, and which could only be conjectured, more especially as he would be equally entitled to the relief prayed for if the facts were, as supposed, that the mortgage to the orator was intended to secure the first notes, and they were misdescribed. The decree of the chancellor must therefore be reversed, and the cause must be remanded to the court of chancery in this county, with direction to refer it to a master to ascertain the amount due the orator on his mortgage, tax his costs, and decree that the defendants pay the sum found due, with the cost, by a day to be fixed, or in default thereof, be foreclosed of all equity of redemption.