## DWIGHT *vs.* NEWELL and others.

A specific equitable lien upon land is entitled to a preference over a subsequent legal lien by judgment. *Semble.*

But an equitable lien created to secure an antecedent indebtedness, e. g. an agreement by a debtor to execute a mortgage to his creditor, is not entitled to a preference over a lien by judgment where both attach upon the land at the same time.

A. holding a mortgage on real estate, and having obtained a decree of foreclosure and sale, in anticipation that he should acquire the title at the sale to be had under the decree, agreed with his creditor B. to execute to him a mortgage within ten days after he should so acquire the title. A. acquired the title and gave the mortgage accordingly. *Held* that B. was not entitled to a preference over another creditor of A. by judgment docketed before the agreement to exeecute the mortgage was°made.

APPEAL from the supreme court, where the case was as follows: Lewis F. Allen, in May, 1837, held a mortgage on a part of lot number one in the city of Buffalo, and having instituted proceedings for a foreclosure of his mortgage, obtained, on the 27th day of that month, a decree in equity for the sale of the mortgaged premises. On the 8th day of July, 1837, a judgment was docketed in the supreme court in favor of Seth Grosvenor and Henry B. Starr, against Allen and two others, for $1132,37. On the 20th of July, 1837, Allen, in expectation of acquiring a title to the mortgaged premises on the sale thereof, and being indebted to the Bank of Michigan in the sum of $5,564,31, agreed to secure the payment of that debt by a bond and mortgage on a part of the premises within ten days after he should acquire title to them. On the 1st of August, 1837, the mortgaged premises were sold under the decree of sale, and bought by Allen for $34,181,84, and on the 15th of September following were conveyed to him by the master. On the 20th of November, 1838, the mortgaged premises not having been redeemed under the act of May 12, 1837, Allen, in accordance with his agreement, gave a bond and mortgage to the Bank of Michigan, dated on that day, for $5,564,31, which was duly acknowledged and recorded in the clerk's office of Erie county

on the day of its date.    On the 27th of July, 1839, the Bank of Michigan, for a full and valuable consideration, assigned the bond and mortgage, " the moneys due and to become due thereon, and all the right, title and interest of the bank in, to, or under, and by virtue of the same," to Henry Dwight, the appellant.

Besides the judgment of Grosvenor and Starr before mentioned, numerous other judgments were recovered against Lewis F. Allen, separately or jointly with others, and became liens on his real estate; two before the judgment of Grosvenor and Starr, and the others after it.    On the 27th of January, 1840, the appellant filed the bill in this cause in the court of chancery, against Allen and others, to foreclose the mortgage before mentioned, which he held as assignee.    The bill contained a statement of the agreement to mortgage, made by Allen with the Bank of Michigan, on the 20th of July, 1837, his subsequent acquirement of title, the giving of the bond and mortgage in pursuance of the agreement, and the assignment thereof to the appellant.    On the 28th of January, 1840, the appellant filed in the clerk's office of the county of Erie a notice of *lis pendens*, according to the practice of the court.

On the 28th of March, 1840, the sheriff of Erie county, by virtue of an execution issued on the judgment in favor of Grosvenor and Starr against Lewis F. Allen, sold the title and interest of the latter in the whole lot before mentioned for $1100. Grosvenor and Starr, the plaintiffs in the execution, became the purchasers.    On the 28th of June, 1841, the judgment creditors of Allen redeemed the premises from Grosvenor and Starr, and from each other, the last of which redemptions was made by the respondent George W. Newell, receiver of the City Bank of Buffalo; and the sheriff of Erie county conveyed the premises to the respondent in accordance with the sale and his redemption. In November, 1842, the appellant filed a supplemental bill, made Newell, receiver, &c. a party, and brought all the facts before the court.

The main question in the cause was whether the appellant's special equity, arising under the agreement to mortgage made by Allen on the 20th of July, 1837, subsequently to the docket

of Grosvenor and Starr's judgment, but prior to its becoming a lien on Allen's property, should be preferred to the respondent Newell's title derived under that judgment. The supreme court sitting in the eighth circuit, after hearing the cause on pleadings and proofs, dismissed the original and supplemental bills, with costs. The plaintiff, Dwight, appealed to this court.

*S. A. Foot,* for the appellant, cited *Ellis* v. *Tousley,* (1 *Paige,* 280, 283, 284;) *In the matter of Howe,* (*id.* 127, 130;) *Delaire* v. *Keenan,* (3 *Dessauss.* 74;) *White* v. *Carpenter,* (2 *Paige,* 217, 266, 267.)

*J. L. Talcott,* for the respondents, cited 2 *R. L.* 359, § 6; 1 *Cowen,* 592; *Stow* v. *Tifft,* (15 *John.* 458;) 1 *Story's Eq.* § 61 *a,* [§ 64. *ed. of* 1846.]

SHANKLAND, J. It seems to me, that to give the complainant the relief he asks for, would be going further than any adjudged cases, and further than the principle upon which they are founded will warrant. The furthest the courts have yet gone, is to give a prior specific equitable lien a preference over a subsequent legal lien by judgment, which is only a general lien. (1 *Paige,* 125, 280.) But we are asked to displace the lien of a judgment, prior in date to the creation of the equitable lien, and also prior in its attaching as a lien on the land in question, on the subtle notion that as both demands existed prior to the title vesting in Allen, both demands attached as liens at the same instant of time; the one as a *general,* and the other as a *special* lien; and that the latter is, as a special lien, entitled to a preference. But I am of opinion that in order to entitle the equitable lien to this preference, it should at least have the merit of having been created on some new consideration advanced on the faith and credit of the specific lien then created—and not be founded on an old debt. Without such an element in the complainant's case the equities of the parties are equal, and the defendant must be left to enjoy his legal rights.

There is another consideration which will deprive the com-

plainant of the remedy he seeks. His agreement with Allen permitted the latter to give the mortgage any time within ten days after Allen was seized of the title. At the date of this agreement the judgment was in existence, and the parties must be deemed to have contemplated the state of things which would have been produced, if the contract had been carried out according to its terms. The judgment under which the defendants claim would attach as a lien, the moment Allen obtained the title, but the complainant's mortgage not until its execution. Thus the defendant would have had the oldest lien. For the above reasons the decree should be affirmed.

Decree affirmed.