WILLIAM C. OGDEN

*v.*

EDWY C. OGDEN *et al.*

*Opinion filed June 17, 1899—Rehearing denied October 5, 1899.*

MORTGAGES—*when mortgage cannot be foreclosed as drawn.* A mortgage which does not purport to secure an indebtedness but merely the payment of a certain note cannot be foreclosed as drawn, so as to cut off intervening rights of third parties, even though an indebtedness existed, where the note was not executed with the mortgage but after such intervening rights had attached.

*Ogden v. Ogden*, 79 Ill. App. 488, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

CHARLES B. STAFFORD, for appellant:

When a mortgage is given to secure the payment of a certain fixed and definite sum of money, subsequent purchasers of the property pledged, and subsequent mortgagees of the property pledged, with notice of the prior mortgage, cannot attack its validity, because in making such purchase or in accepting such subsequent mortgage they are interested in only the equity remaining over and above the first mortgage, for all that the original owner could transfer after giving a mortgage would be the equity. *Lloyd* v. *Lee*, 45 Ill. 277; *Medley* v. *Elliott*, 62 id. 532.

After a mortgage upon a piece of property has been properly recorded the law charges every subsequent party in interest with knowledge of the mortgage. *Babcock* v. *Lisk*, 57 Ill. 327; *Warner* v. *Helm*, 1 Gilm. 120.

MORRILL SPRAGUE, for appellees:

A subsequent purchaser or second mortgagee without actual knowledge of the existence of a prior mortgage is charged with only such notice as the record contains.

There is a difference between actual and constructive notice. *Battenhausen* v. *Bullock*, 11 Ill. App. 665; 108 Ill. 28.

The mortgage must so define the debt that other debts may not be substituted. It must be correct so far as it goes, and the language used not liable to deceive or mislead as to the nature and amount of the indebtedness. 15 Am. & Eng. Ency. of Law, 76; Jones on Mortgages, (5th ed.) sec. 70; *Clary* v. *Owen*, 81 Mass. 521; *Jewell* v. *Preston*, 27 Me. 400; *Goff* v. *Pierce*, 42 W. Va. 384.

A mortgage is required to disclose with as much certainty as possible the real character of the indebtedness. If it is given to secure an existing or future liability the foundation of such liability should be set forth. *Metropolitan Bank* v. *Godfrey*, 23 Ill. 552.

Subsequent encumbrancers have a right to know, with all the certainty the case admits of, the amount already secured on the property and the nature of the indebtedness so secured. *Hill* v. *Banks*, 61 Conn. 25.

A mortgage describing a note which was never given is void as to creditors though other indebtedness actually existed at the time. The indebtedness actually existing cannot be substituted for that described in the mortgage. *Branhall* v. *Flood*, 41 Conn. 68; *Hill* v. *Banks*, 61 id. 25.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellant, W. C. Ogden, brought his bill in the circuit court of Will county to foreclose a mortgage given by appellee Edwy C. Ogden to E. J. Ogden, "executor of the estate of S. G. Ogden, deceased," upon lot 8 and lot 3 in certain additions to Joliet. By his will S. G. Ogden had given his wife a life estate in his property with remainder to his four sons, Marshall B., William C., E. J. and M. D. Ogden, with a proviso that if any of his sons should die before his widow the share or shares of such son or sons should pass to the survivors. Marshall B. Ogden borrowed from the estate $1697.50, giving his note therefor, during the lifetime of the widow, payable six

months after her death, and secured the same by pledging two certain notes secured by mortgages on real estate. It was then supposed that his interest in the estate would be sufficient to pay the debt, but he died in 1886, before the maturity of the note and before the death of the widow, leaving Edwy C. Ogden his son and heir, and by the terms of Samuel Ogden's will Marshall's interest in his father's estate passed to his brothers, instead of descending to his son, Edwy C. Ogden. In 1887, after the death of his father, Edwy C. Ogden gave the mortgage sought to be foreclosed, which purported to secure the payment of his own note for $1697.50, of even date with the mortgage, payable three years after its date to the order of himself, and by him endorsed and delivered, with interest at the rate of eight per cent per annum, payable semi-annually, but the courts below found that Edwy C. Ogden, the mortgagor, did not make the note described in the mortgage, or any note, at that time. He paid interest, however, on the amount specified in his mortgage, to the widow of Samuel Ogden during her lifetime, and after her death, in 1893,—six years after the mortgage was made,—he made and delivered his note, payable to "E. J. Ogden, executor estate of S. G. Ogden, deceased," and dated it back to the date of the mortgage and corresponding in all material respects with the note described in the mortgage, except that it was made payable as above stated and not to the order of the maker, and by him endorsed. The executor, being desirous of settling the estate, transferred the note and mortgage for their face value to W. C. Ogden, the appellant.

It was and is a contested question whether the execution of the note was contemporaneous with the execution of the mortgage or whether the note was made six years later, but we are satisfied from the evidence that the circuit and Appellate Courts have decided that question of fact correctly, and that the note was made long after the mortgage was made and recorded, and after Edwy C.

180—35

Ogden had parted with his title to lot 3 and given another mortgage, or a deed of trust, on lot 8 to appellee Grinton, to secure borrowed money. Edwy C. Ogden had conveyed lot 3 by deed of general warranty, and the title had passed to appellee Corcoran several years before the note of said Edwy, executed in 1893, was given, and the deed of trust and note to appellee Grinton for borrowed money were given in 1892, and it was proved that neither said purchaser nor said subsequent mortgagee had any actual notice of any prior encumbrance on the property, nor of any prior indebtedness of said Edwy C. Ogden intended to be secured by any such prior encumbrance, but such notice, only, as they were charged with by the record of the mortgage sought to be foreclosed, recorded in 1887, soon after it was executed. Whether such proof could have affected the decision of the case it is not necessary to decide as the issue was presented.

It was found by the decree that Edwy C. Ogden was not indebted to E. J. Ogden, or to the estate of S. G. Ogden, in any sum whatever when said mortgage was made, but only became indebted in the amount mentioned in the mortgage when the note given in evidence was made and delivered, in 1893, the only consideration of which was the indebtedness of his father in the same amount which, by the giving of said note, said Edwy C. Ogden assumed. Said Edwy testified that the mortgage was given to protect his property in case of any future financial trouble or embarrassment; but we are strongly impressed with the belief, from the evidence, that it was his intention at the time, and so understood by the other parties in interest, that he would assume the indebtedness of his father. If not, why did the mortgage purport to secure a note for the precise amount of the note of his father, and payable after the death of the life tenant, his grandmother? And why did he pay her interest on the same, or a sum equivalent thereto, during her life? It is to be remembered, also, that the mortgage held in

pledge to secure his father's note to the executor of S. G. Ogden was released shortly before the mortgage in suit was made. Why and for what consideration was this done? E. J. Ogden testified that Edwy C. Ogden did agree to assume his father's debt and upon that agreement the mortgage was given. But assuming that to be true, it still remains true that no note as described in the mortgage was ever given, but only the note for the same amount in evidence was given six years later, and after the respective rights of appellees Corcoran, Grinton and Stevens attached. The mortgage does not recite any indebtedness, nor does it purport to secure any indebtedness as such, but only "to secure the payment of one certain promissory note," etc., describing it. No such note was given nor was the old note of Marshall B. Ogden delivered up or canceled. It would therefore seem that the transaction was not fully consummated, but remained incomplete. It cannot be doubted that the mortgage might have been so drawn as to recite and secure an indebtedness without any note, but that was not done.

We cannot hold that mere proof that Edwy C. Ogden agreed to assume his father's debt in the amount specified, and then executed this mortgage as a part of that transaction, is sufficient to authorize foreclosure of the mortgage as made. The debt is the principal thing and the mortgage only the incident. While this court has held in several cases that the giving of renewal notes or the merging of the notes in a judgment does not operate to release the mortgage lien, (*Rogers* v. *Trustees of Schools*, 46 Ill. 428; *Citizens' Nat. Bank* v. *Dayton*, 116 Ill. 257;) yet it has not been held, to our knowledge, that a mortgage purporting to secure only a supposed note never made can be foreclosed as drawn, even though an indebtedness which it does not purport to secure, existed. Thus, in *Branhall* v. *Flood*, 41 Conn. 68, where the mortgage purported to secure a note for $1000 which was never given, it was held void as against an attaching creditor,

although the mortgagor was at the time indebted to the mortgagee in three-fourths of that amount, and had agreed to advance goods to the amount of the remaining one-fourth, and the purpose in making the mortgage was to secure the total amount of the $1000. It was said in *Metropolitan Bank* v. *Godfrey*, 23 Ill. 531, that "the spirit of our recording system requires that the record of a mortgage should disclose with as much certainty as the nature of the case will admit, the real state of the encumbrance."

We are of the opinion that whatever rights the assignee of the mortgage and of the note made in 1893 had against Edwy C. Ogden, they are subordinate to the title of appellee Corcoran to lot 3 and to the interest of appellees Grinton and Stevens in lot 8. If the law were otherwise, another debt might be substituted for the one described in and secured by the mortgage,—and that, too, after the rights of third persons had attached, and such rights be cut off by the foreclosure of the mortgage to pay a debt it was not given to secure.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*