## SULLIVAN v. CORN EXCH. BANK et al.

(Supreme Court, Appellate Division, Second Department.    December 30, 1912.)

1. MORTGAGES (§ 25*)—PRIORITY—EFFECT AS BETWEEN PARTIES.

Where a debtor promised to execute his bond for the amount of the debt, secured by mortgage on realty, and executed and delivered a mortgage reciting that the debt was secured by his bond of the same date, and also reciting a consideration and covenanting to pay the debt, but no bond was ever in fact executed, the mortgage, even if given to secure payment of an antecedent debt, was valid as between the parties and against all others who then had no equitable interest in the property, or who did not acquire rights as subsequent purchasers for value.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 29–42; Dec. Dig. § 25.*]

2. MORTGAGES (§ 25*)—VALIDITY—CONSIDERATION.

Where a mortgage on realty recited an indebtedness secured by a bond, and that the mortgage was to secure payment on the bond and was in consideration of $1, the fact that no bond was actually given at the time the mortgage was executed and delivered did not impair it, since there was other sufficient consideration.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 29–42; Dec. Dig. § 25.*]

3. MORTGAGES (§ 25*)—VALIDITY—EXISTENCE OF DEBT SECURED.

The validity of a mortgage does not depend upon the form of the indebtedness, whether by note, bond, or otherwise, but upon the existence of the debt which it is given to secure.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 29–42; Dec. Dig. § 25.*]

4. MORTGAGES (§ 51*)—CONSTRUCTION—TIME FOR PAYMENT.

A mortgage which contains an express covenant to pay the debt is not unenforceable because no date of payment is specified, since in such case the right to enforce it accrues immediately, or in a reasonable time after demand.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 121; Dec. Dig. § 51.*]

5. MORTGAGES (§ 186*)—RIGHTS OF CREDITORS—REASONABLE TIME FOR PAYMENT.

Where a mortgage specifies no date for payment, and hence is enforceable in a reasonable time, a defendant in foreclosure proceedings, asserting a claim as a judgment creditor, has the burden of showing that a lapse of nearly two years without payment of either interest or taxes is not such reasonable time.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 449–455; Dec. Dig. § 186.*]

6. MORTGAGES (§ 173*)—RECORD—STATUTE—"CONVEYANCE."

Within Real Property Law (Consol. Laws 1909, c. 50) § 291, providing for the record of conveyances, a mortgage is a "conveyance."

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 412, 419–424; Dec. Dig. § 173.*

For other definitions, see Words and Phrases, vol. 2, pp. 1575–1584; vol. 8, p. 7619.]

7. MORTGAGES (§ 175*) — CONSTRUCTION — PRIORITY — SUBSEQUENT "PURCHASER."

Under Real Property Law (Consol. Laws 1909, c. 50) § 291, which provides that every conveyance not recorded as therein required is void as against any "subsequent purchaser in good faith and for a valuable

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consideration" from the vendor whose conveyance is first recorded, a judgment creditor is not such a "purchaser," and an unrecorded mortgage takes preference over his judgment, unless there is a superior equity in favor of the judgment creditor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 417, 418; Dec. Dig. § 175.*

For other definitions, see Words and Phrases, vol. 7, pp. 5858–5860; vol. 8, p. 7775.]

8. MORTGAGES (§ 28*)—REQUISITES AND VALIDITY—"EQUITABLE MORTGAGE."
An "equitable mortgage" may be constituted by any writing from which the intention may be gathered, and an attempt to make a legal mortgage, which fails for want of some solemnity, is valid in equity.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 44, 56–58; Dec. Dig. § 28.*

For other definitions, see Words and Phrases, vol. 3, pp. 2442, 2443.]

9. MORTGAGES (§ 28*)—ACTION TO FORECLOSE—CONDITION PRECEDENT—REFORMATION OF EQUITABLE MORTGAGE.
It is not necessary to bring an action to reform an equitable mortgage, so as to make it a legal obligation, in order to enforce it.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 44, 56–58; Dec. Dig. § 28.*]

10. MORTGAGES (§ 151*)—PRIORITY—EQUITABLE MORTGAGE.
An equitable mortgage takes precedence over a lien, whether general or special, which only attaches, as does a judgment, to such right, title, or interest as the debtor has in such real property.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 307–329, 332–336, 358–370; Dec. Dig. § 151.*]

11. MORTGAGES (§ 175*)—PRIORITY—SUPERIOR EQUITY—JUDGMENT CREDITOR.
A creditor of a mortgagor, obtaining judgment after execution of the mortgage, but before its record, who does not show that his debt was in existence when the mortgage was executed, or that he extended credit to the mortgagor upon his supposed unincumbered ownership of the premises, has no such superior equity as to give him priority over the mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 417, 418; Dec. Dig. § 175.*]

Appeal from Special Term, New York County.

Action by James J. Sullivan against one Monahan, the Corn Exchange Bank, and W. & J. Sloane. From an order granting judgment to plaintiff on the pleadings, defendants Corn Exchange Bank and W. & J. Sloane appeal. Affirmed.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Seldon Bacon, of New York City, for appellants.

Clark A. Wick, of New York City (G. W. Minor, of New York City, of counsel), for respondent.

BURR, J. From an order granting plaintiff's motion for judgment on the pleadings, this appeal comes.

The complaint alleges that on October 31, 1910, defendant Monahan was justly indebted to plaintiff in the sum of $4,000, and as security for the payment of such indebtedness promised to execute his bond for that amount, bearing date on that day, secured by a mortgage on real property in Kings county. On the date named he did execute

and deliver such a mortgage, but failed to execute and deliver the bond. The mortgage contained a recital that Monahan was indebted to plaintiff in the sum named, "secured to be paid by his certain bond or obligation, bearing even date herewith, conditioned for the payment of the said sum of $4,000." The grant of the land described in the mortgage was stated to be "for the better securing the payment of the said sum of money mentioned in the condition of the said bond or obligation, with interest thereon, and also for and in consideration of one dollar." The mortgage contained an express covenant to "pay the indebtedness as hereinbefore provided." The mortgage was duly recorded January 27, 1911. Prior to the commencement of this action, which was on or about August 12, 1912, payment was demanded of the amount of such indebtedness, to wit, $4,000, with interest from October 31, 1910.

Upon default of payment, this action was brought for a foreclosure· of said mortgage. As incidental relief, plaintiff demanded that "said' mortgage be reformed by omitting therefrom the recital in (sic) the· giving of said bond." Defendants Corn Exchange Bank and W. & J.. Sloane, each a domestic corporation, separately answered, denying none· of the allegations of the complaint, but setting up—the Corn Exchange Bank, that on the 10th day of January, 1911, it recovered a judgment· against said Monahan in an action in the Supreme Court for $8,157.36,. which judgment was docketed in the office of the clerk of Kings. county on January 11, 1911; and W. & J. Sloane that it also recov-- ered a judgment against said Monahan on January 10, 1911, in an action in the Supreme Court for $7,733.74, which judgment was also docketed in said clerk's office January 11, 1911. No attack is made upon the bona fides of said mortgage, nor do defendants contend that it was given in fraud of creditors. Plaintiff's motion for judgment on the pleadings was granted, and the question here is solely one of priority of lien.

[1] The mortgage in question became and was from the date of its delivery a perfectly valid lien and incumbrance upon the premises therein described, as between the parties thereto. Even if it was given to secure payment of an antecedent debt, the same rule applies as between the parties and against all others who had at the time no equitable interest in the property, or who did not acquire rights as subsequent purchasers or incumbrancers for value. 1 Jones on Mortgages, § 459; Young v. Guy, 23 Hun, 1, affirmed 87 N. Y. 457; Obermeyer & Liebmann v. Jung, 51 App. Div. 247, 64 N. Y. Supp. 959.

[2] The fact that no bond was actually given at the date of the execution and delivery of the mortgage does not impair it, since there was other sufficient consideration therefor. 1 Jones on Mortgages, § 353; Goodhue v. Berrien, 2 Sandf. Ch. 630; Baldwin v. Raplee, 4 Ben. 433, Fed. Cas. No. 801.

[3] Its validity does not depend upon the form of the indebtedness, whether by note, bond, or otherwise, but upon the existence of the debt which it was given to secure. Goodhue v. Berrien, supra; Burger v. Hughes, 5 Hun, 180, affirmed 63 N. Y. 629. This case is distin-

guishable from Bergen v. Urbahn, 83 N. Y. 51, where a bond was in fact given, which was not produced upon the trial, nor was any explanation offered for the failure to produce the same.

[4] The mortgage itself contains an express covenant to pay the debt, and the fact that no date is specified when it shall become payable does not render it unenforceable. Either the right to enforce it accrues immediately (Purdy v. Philips, 11 N. Y. 406; Eaton v. Truesdail, 40 Mich. 1; Rhoads v. Reed, 89 Pa. 436), or it may be enforced after the lapse of a reasonable time and upon demand.

[5] The complaint alleges demand, and if the rule of reasonable time does apply, it is for defendant to show that a lapse of nearly two years after delivery, without payment of either interest on the debt or taxes or assessments upon the property, is not such reasonable time.

[6, 7] We think, therefore, that without reformation the mortgage was a valid and enforceable legal obligation on plaintiff's land, and as against defendants, judgment creditors of Monahan, a lien prior to the lien of such judgments, even although the mortgage was not recorded until after the judgments were docketed. The cases relied upon by appellants (Ogden v. Ogden, 180 Ill. 543, 54 N. E. 750, Whiting Paper Co. v. Busse, 95 Ill. App. 288, Bramhall v. Flood, 41 Conn. 68, and Porter v. Smith, 13 Vt. 492) are clearly distinguishable.

In the Ogden Case it appeared that no actual indebtedness existed at the time of the delivery of the mortgage, nor until the delivery of the note recited therein, which was some six years subsequent to the date of the execution of the mortgage, and in the meantime the right of subsequent incumbrancers had intervened. In the case of the Whiting Paper Co., supra, the original security had been surrendered, the bona fides of the debt was questioned, and the rights of subsequent incumbrancers had also intervened. In Porter v. Smith, supra, where plaintiff held two promissory notes of defendant, and it was agreed that two new notes should be given, secured by a mortgage, and the mortgage was drawn correctly describing said notes, but, by mistake, the new notes were retained by the debtor and the old notes returned to the creditor, the mortgagee, all that was held was that the mortgagee could not proceed at law in ejectment as he might otherwise have done, but must proceed in equity to enforce his claim. In Bramhall v. Flood, supra, the decision rested upon the peculiar provisions of the recording act of that state, which would seem to put judgment creditors upon a similar footing with purchasers and incumbrancers for value. See Pettibone v. Griswold, 4 Conn. 158, 10 Am. Dec. 106.

Our statute only provides that every conveyance (and for the purposes of the recording act a mortgage is within the definition of a conveyance) not recorded as therein required "is void as against any subsequent purchaser in good faith and for a valuable consideration, from the same vendor, his heirs or devisees, of the same real property or any portion thereof, whose conveyance is first duly recorded." Real Property Law (Consolidated Laws, c. 50 [Laws of 1909, c. 52]) § 291. A judgment creditor is not such a purchaser, and an unrecorded conveyance has a preference over a judgment, unless there is a superior equity in favor of the holder of the latter. Thomas v. Kelsey, 30 Barb. 268;

Flagler v. Malloy, 9 N. Y. Supp. 573[1]; Obermeyer & Liebmann v. Jung, supra; Russell v. Wales, 119 App. Div. 536, 104 N. Y. Supp. 143.

[8] But if it could be successfully claimed that the instrument under consideration was so defective in form as to be invalid as a legal obligation, it might still be sustained as an equitable mortgage. "An equitable mortgage may also be constituted by any writing from which the intention may be gathered; and an attempt to make a legal mortgage, which fails for want of some solemnity, is valid in equity." Miller on Equitable Mortgages, 1; Payne v. Wilson, 74 N. Y. 348; Perry v. Board of Missions, 102 N. Y. 99, 6 N. E. 116; Hamilton Trust Co. v. Clemes, 163 N. Y. 423, 57 N. E. 614; Hughes v. Edwards, 9 Wheat. 489, 6 L. Ed. 142; Flagg v. Mann, 2 Sumn. 486, Fed. Cas. No. 4,847.

[9] It is not necessary to bring an action to reform an equitable mortgage, so as to make it a legal obligation, in order to enforce it. Sprague v. Cochran, 144 N. Y. 104, 38 N. E. 1000.

[10] An equitable mortgage takes precedence over a lien, whether general or special, which only attaches, as does a judgment, to such right, title, or interest as the debtor has in real property. Matter of Howe, 1 Paige, 125, 19 Am. Dec. 395; Keirsted v. Avery, 4 Paige, 9; Dwight v. Newell, 3 N. Y. 185; Chase v. Peck, 21 N. Y. 581; Robinson v. Williams, 22 N. Y. 380; Payne v. Wilson, supra.

[11] If this controversy had arisen between purchasers or incumbrancers of the property in question, the fact that the mortgage was given to secure an antecedent debt might have been a factor of consequence, since in such case, in the absence of an enforceable agreement to extend the time for the payment of the debt, plaintiff might not be deemed a purchaser for value within the meaning of the recording acts. Real Property Law, supra, § 291; O'Brien v. Pleckenstein, 180 N. Y. 350, 73 N. E. 30, 105 Am. St. Rep. 768. But in the case of a judgment creditor, who can claim no benefit under the provisions of the said act, if the mortgage was valid between the parties, we can see no reason for any distinction, in the absence of some superior or at least equal equity. The only authority which we have been able to find directly to the contrary is the case of Wheeler v. Kirtland, 24 N. J. Eq. 552. The statement in the opinion to that effect cites no authority in support of it, and it seems to us to be directly contrary to the authorities in this state to which reference has been made. In this case no superior equity is shown on the part of the judgment creditors. It does not appear that the debts were even in existence at the time when the mortgage in suit was given, or that they extended credit to the mortgagor upon his supposed ownership of the premises in question, free from the lien of said mortgage.

If plaintiff's equitable lien had arisen subsequent to the docketing of the judgment, or simultaneously therewith, a different question would have been presented (Dwight v. Newell, supra; Goodhue v. Berrien, supra); but, upon the facts here disclosed, the order appealed from was correctly made, and it should be affirmed. All concur.

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun, 643.