### BEATTIE et al. v. MEEKER et al.

(Supreme Court, Special Term, Yates County. April, 1914.)

1. EVIDENCE (§ 215*)—ADMISSIONS—INDORSEMENT OF INTEREST PAYMENTS ON NOTE.

Indorsements made upon a note secured by mortgage, which show payments of interest, may be received in evidence over the objections of the mortgagor, where they do not extend the running of the statute of limitations, or affect the constitutional rights of the mortgagor, since they are admissions by the mortgagee against interest.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 754–759; Dec. Dig. § 215.*]

2. MORTGAGES (§ 86*)—VALIDITY—PRESUMPTION.

Where a mortgage was given to secure the mortgagee from liability by reason of his indorsing a note for the accommodation of the mortgagor, the fact that the mortgage and note are in possession of the mortgagee is presumptive evidence that they are valid and subsisting obligations.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1350, 1355, 1364; Dec. Dig. § 86.*]

3. MORTGAGES (§ 50*)—VALIDITY—DISCREPANCIES BETWEEN NOTE AND MORTGAGE.

Where a mortgage recited that the mortgagee was indebted to the mortgagor in a certain sum, secured by a bond or obligation conditioned for the payment of the said sum on April 2, 1895, with interest at 6 per cent. per annum, and that the mortgagee had at the request of the mortgagor indorsed a promissory note by the mortgagor for the sum of $300 and interest, payable in three years, the fact that a note in the possession of the mortgagee, signed by the mortgagor and indorsed by the mortgagee, was for the sum of $250, indicates that the difference was due to a mistake in the drawing of the original mortgage, and not that the note was not the same as the one referred to in the mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 133–140; Dec. Dig. § 50.*]

Action by Iretta Beattie and others, as administrators of Henry Clay Beattie, deceased, against William Meeker and others. Judgment directed for plaintiffs. Judgment affirmed, 149 N. Y. Supp. 1070.

On April 2, 1892, Luther Meeker and wife gave a mortgage to Beattie on certain land to secure Beattie from liability by reason of his indorsing a note for the accommodation of Meeker to secure a loan from Mary Johnson. The mortgage was in the usual form and contained the following recitals:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"Whereas, the said Luther Meeker is justly indebted to the said party of the second part in the sum of two hundred and fifty dollars lawful money of the United States, secured to be paid by his certain bond or obligation bearing even date herewith, conditioned for the payment of the said sum of two hundred and fifty dollars on the 2d day of April, eighteen hundred and ninety-five, and the interest thereon to be computed from second day of April at the rate of 6 per centum per annum and to be paid annually. * * * Whereas, the said party of the second part at the request of the party of the first part has on the day of the date hereof indorsed a certain promissory note made by the party of the first part to one Mary Johnson for the sum of three hundred dollars and interest annually payable in three years from the date thereof: Now, therefore, this conveyance is intended to secure the party of the second part from all principal or interest money, costs or expenses which he may be compelled to pay in consequence of said endorsement of the aforesaid note. * * *"

This mortgage was found among Beattie's possessions after his death, together with a note of which the following is a copy:

"$250.   Three years from date for value recd. we or either of us promise to pay Mary F. Johnson two hundred and fifty dollars with annual interest payable at the residence of James Purdy, Benton.   April 4th, 1892.

"[Signed]    Luther Meeker
"Henry C. Beattie."

The mortgage had upon it indorsements showing seven payments of interest. When the note became due Beattie cashed a certificate of deposit, and with it procured a draft and sent it to Mrs. Johnson, who returned the note, indorsed "Paid," to Beattie.

C. Willard Rice, of Geneva (George I. Teter, of Geneva, of counsel), for plaintiffs.

Charles W. Kimball, of Penn Yan, for defendants.

SAWYER, J.  [1] The objections to the reception of the indorsements upon the mortgage in suit are overruled.  They serve no useful purpose, other than to show that so much money has been received in reduction of the amount otherwise owing upon the mortgage.  They are simply admissions on the part of the mortgagee against his own interest.  If they served to extend the running of the statute of limitations, or affected a substantial right of defendant, another question would be presented, and one which it is not now necessary to decide.

[2, 3] The mortgage and the note, being in the possession of plaintiff, are presumptively valid and subsisting obligations in her hands. The burden of rebutting this presumption rested upon defendants, who made no attempt to dispute her claim in that respect. They seem to rely almost entirely upon the discrepancy between the note produced and that described in the mortgage.  To my mind the facts adduced are conclusively satisfying that this difference was due to a mistake in the drawing of the original mortgage, and that the note referred to in the mortgage is the $250 note which was paid by Mr. Beattie to Mrs. Johnson and produced by plaintiff at the trial.  Of this I have no manner of doubt.

That such an error may be disregarded, and judgment directed in accordance with the facts, has been many times held in this state; the most recent decisions to that effect of which I have any knowledge, being those of St. Lawrence v. Farmer, 32 Misc. Rep. 410, 66 N. Y.

Supp. 584; Sullivan v. Corn Exchange Bank, 154 App. Div. 292, 139 N. Y. Supp. 97.

Other questions presented by counsel have been examined, but in view of my conclusion as to the facts are not here treated of.

Judgment directed for plaintiff, with costs.