Nathan Sweedlee, Spec. Ref.
This is a motion by Bernard B. Stern, the son of the judgment debtor, for an order to vacate and set aside a notice of levy filed by the judgment creditor in the Kings County Clerk’s office pursuant to section 512 of the Civil Practice Act, affecting premises 2999 Fulton Street, Brooklyn, N. Y., and for a further order perpetually staying and enjoining the plaintiff-judgment-creditor and the Kings County Sheriff from taking further steps or proceedings pertaining to the same real property.
*424 The matter was referred to me as Special Referee, and on consent of the respective parties, it was stipulated that I should hear and determine all issues herein, with the same force and effect as a determination by a justice of this court.
On February 1, 1938, the judgment creditor obtained a judg? ment against the judgment debtor, Max Stern, for $1,253.97. This judgment was docketed in the Kings County Clerk’s office on April 26,1938, and was a valid judgment between the parties.
On September 25, 1953, the judgment debtor, Max Stern, conveyed by deed all of his right, title and interest in and to the premises 2999 Fulton Street, Brooklyn, 1ST. Y., to his son, Bernard B. Stern. The deed bears an acknowledgment dated October 7, 1953 in California. It was not recorded in the Register’s office of Kings County until January 17, 1955.
Prior to the recording of the deed, and on December 27, 1954, the judgment creditor filed a notice of levy, pursuant to section 512 of the Civil Practice Act, affecting premises 2999 Fulton Street, County of Bangs. The record owner on said date was the judgment debtor, Max Stern. The said deed was recorded on January 17, 1955, after the Sheriff had made his levy upon the real property which was then in the name of the judgment debtor.
The judgment against Max Stern had been on record for more than 17 years at the time of the conveyance of the property by him to his son, Bernard B. Stern. The son is not entitled to a preference over the judgment creditor by reason of the unrecorded deed. (Cook v. Kraft, 3 Bans. 512; Sullivan v. Corn Exch. Bank, 154 App. Div. 292.)
The recording of the deed raises a presumption of delivery and that presumption is to be given effect only as of the date of the recording, to wit, January 17, 1955. It does not relate back to the date of execution. The deed from the judgment debtor, Max Stern, was acknowledged on October 7, 1953, and was not recorded until January 17, 1955. The presumption, therefore, is that the deed to Bernard B. Stern was not delivered until the date it was recorded. The evidence of Bernard B. Stern did not overcome this presumption. In answer to the Referee’s question as to whether Bernard B. Stern had insurance in his name on the building prior to the recording of his deed, he answered in the negative. (Ford v. Gale, 155 App. Div. 675; Malcolm Realty Co. v. 21 East Twenty-First St. Cory., 245 App. Div. 731.)
Under the circumstances of this case, as submitted to me, the judgment creditor’s rights are superior to those of Bernard B. Stern, the judgment debtor’s son.
*425 The application by Bernard B. Stern, for an order perpetually staying and enjoining the plaintiff-judgment-creditor from taking any further steps or proceedings in the above-entitled action pertaining to the real property known as No. 2999 Fulton Street, County of Kings, City and State of New York, and for a further order vacating and setting aside the notice of pendency of action filed by the plaintiff-judgment-creditor in the Kings County Clerk’s office on December 27, 1954 against the real property known as No. 2999 Fulton Street, County of Kings, City and State of New York, is denied and the temporary stay is vacated.
Settle order on notice.