■ JUDITH A. HEITHAUS, Respondent, v THOMAS L. HEITHAUS et al., Defendants, and DONALD H. HEITHAUS, Appellant. [644 NYS2d 811] —In an action for the partition and sale of real property, the defendant Donald H. Heithaus appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered November 10, 1994, as denied his motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion for summary judgment is granted, and the amended complaint is dismissed.

Marie Heithaus died on January 25, 1991, as the owner of certain real property in Westchester County. Her will appointed the defendants Thomas L. Heithaus and Louis H. Heithaus as executors of the estate and granted all of the estate, which included real and personal property, to Mrs. Heithaus' sons, Thomas, Louis, Roger, and the appellant, Donald, in equal shares. The respondent, Judith Ann Heithaus, is the former wife of Roger Heithaus.

On February 13, 1991, Roger Heithaus, who is not a party to this action, executed a "quitclaim", in which he stated as follows: "I, Roger Heithaus, in consideration of an early distribution of other assets in the estate of Marie Heithaus, my mother, do hereby give up any right, title & interest I may have in the property at 818 Walton Ave, Mamaroneck NY, County of Westchester." Between March and July 1991, Roger received a total of $46,500 as his early distribution from the estate. The executors sold the property to the appellant and the deed, which was dated July 14, 1993, was recorded on August 5, 1993.

Meanwhile, in June and July of 1992, the respondent entered two Arizona judgments against Roger in County Court, Westchester County, for outstanding support obligations. Executions, with notice to Roger as garnishee, were filed with the Sheriff of the County of Westchester based upon the judgments. The executions specified that Roger's one-quarter interest in the property was owed to the respondent. The Acting Sheriff of Westchester County sent a notice dated July 20, 1993, of the sheriff's sale, to Roger. Pursuant to the executions, a sheriff's sale of Roger's interest in the property was held on September 14, 1993, and a deed of sale was recorded. The Sheriff's deed of sale indicated a conveyance to the respondent of all the estate, right, title, and interest which Roger had on June 11, 1992, or any time afterward in the property.

Thereafter, the respondent commenced this action in which she sought, *inter alia,* a declaration that she owned a one-quarter interest in the property pursuant to the Sheriff's deed, and an order directing the petition and sale of the property with one-quarter of the proceeds paid to her. The complaint was subsequently amended to allege a second cause of action to set aside the sale of the property to the appellant as fraudulent. The appellant's motion, *inter alia,* for summary judgment dismissing the complaint, was denied. We reverse the order insofar as appeal from.

Although the transfer of Roger's interest in the property, i.e., the quitclaim, was not recorded, judgment creditors do not benefit from the protection of the New York Recording Act (Real Property Law § 290 *et seq.; Sullivan v Corn Exch. Bank,* 154 App Div 292). Also, since the appellant's deed was recorded prior to the sheriff's sale, the respondent was not a good faith purchaser for value without notice. Finally, we find that no triable issue of fact exists as to whether the conveyance of the property to the appellant was fraudulent.

The parties' remaining contentions are without merit. O'Brien, J. P., Ritter, Hart and Goldstein, JJ., concur.