Jack Stanislaw, J.
Plaintiff, in a mortgage foreclosure action, moves: (1) to dismiss the affirmative defense asserted by defendant Elar Lumber Company, Inc., a judgment creditor of the mortgagor; and (2) for summary judgment. The premises which is the subject of this action is owned by defendants Geiger and is located in Suffolk County.
*185 The question presented is the priority of the liens of a judgment creditor and a foreclosing mortgagee, where the mortgage was made after the judgment was obtained in a District Court, but before it was docketed in the office of the Clerk of the county where the property described in the mortgage is located.
The chronological sequence of events which gives rise to this question is as follows: (1) In 1962, defendants Geiger gave a mortgage in the sum of $13,200 to the plaintiff bank. That mortgage was duly recorded and its validity and priority are not here in dispute. (2) On November 1,1965, defendant Elar Lumber Company, Inc., obtained a judgment in the Suffolk County District Court, Fifth District, against defendant Herbert Geiger, in the sum of $2,406. (3) On November 18, 1965 defendants Geiger gave plaintiff an additional mortgage on their premises, in the sum of $2,220.89. On the same day, that mortgage was consolidated with the balance due and owing on the prior mortgage, for a total of $14,600. (4) On November 22, 1965, prior to the recording of either the $2,220.89 mortgage or the consolidated mortgage, defendant Elar Lumber Company, Inc. docketed a transcript of the District Court judgment in the office of the Clerk of Suffolk County. (5) On December 1, 1965, plaintiff recorded the consolidated mortgage, which is the subject of this action.
The thrust of the defense asserted by Elar Lumber Company, Inc., is that its judgment is superior to the consolidated mortgage, at least to.the extent of $2,220.89 (representing the amount of the mortgage given by the Geigers to plaintiff on November 18, 1965), on the ground that said mortgage was made 18 days after said judgment was obtained and, although not docketed in the County Clerk’s office until four days after execution thereof, was docketed eight days prior to the recording of the consolidated mortgage.
Defendant’s judgment, however, did not become a lien on the subject premises until November 22, 1965, when it was docketed in the County Clerk’s office (CPLR 5203). 11 A judgment has only such lien as is given by statute for at common law judgments were not liens upon real estate. No distinction existed so far as their collection was concerned, between real and personal property. In either case it was necessary to ‘ sue out an execution ’ and make a levy, and a lien did not attach until the levy was made. (Atlas Refining Co. v. Smith, 52 App. Div. 109-114; Hulbert v. Hulbert, 86 Misc. 662, 666.) With respect to personal property, the law remains unchanged. With respect to real property, pursuant to CPLR 5203, a judgment becomes a lien ‘ ‘ from the time of the docketing of the judgment with the *186 clerk of the county in which the property is located ”. But ‘ ‘ except as provided by statute, a mere money judgment is never a lien against the real estate of the judgment debtor ” (H. R. & C. Co. v. Smith, 242 N. Y. 267, 269, italics supplied).
As for plaintiff’s failure to file the consolidated mortgage until after the judgment was docketed, it is well settled that the protection of the recording act can be relied upon only by subsequent purchasers and mortgagees, not by judgment creditors (Savings & Loan Assn. of Kingston v. Berberich, 24 A D 2d 187; Blum v. Krampner, 28 N. Y. S. 2d 62, affd. 261 App. Div. 989; Fox v. Sizeland, 170 Misc. 390; Real Property Law, §§ 290, 291). Thus, while the judgment did not become a lien on the subject premises until November 22,1965 (the date it was docketed in the County Clerk’s office), the mortgage in question became a lien upon the premises therein described on November 18, 1965 (the date it was made), “ as between the parties and against all others who had at the time no equitable interest in the property, or who did not acquire rights as subsequent purchasers or incumbrancers for value ” (Sullivan v. Corn Exch. Bank, 154 App. Div. 292, 294). If the mortgage was made subsequent to the docketing of the judgment, or simultaneously therewith, a different question would have been presented, but upon the facts disclosed, the mortgage was a valid and enforcible legal obligation on the premises prior to the lien of defendant Elar Lumber Company, Inc., even though the mortgage was not recorded until after the judgment was docketed (Sullivan v. Corn Exch. Bank, supra).
It would be a different question, too, if the mortgage had been given in fraud of creditors with knowledge by the mortgagee (Billing v. Russell, 101 N. Y. 226) or if it constituted a fraudulent conveyance under section 273 of the Debtor and Creditor Law. But fraud is an affirmative defense (CPLR 3018) which must be pleaded with the same particularity as a cause of action required to be alleged in a complaint (Ensign v. Klekosky, 25 Misc 2d 536, affd. 12 A D 2d 680, app. dsmd. 9 N Y 2d 789; Tracy Development Co. v. Empire Gas & Elec. Co., 190 N. Y. S. 172). No such defense is alleged in the answer. But in the affidavit submitted in opposition to the motion, counsel for Elar Lumber Company, Inc. states: “ The fact that the mortgage [was] made by the defendants Geiger after the judgment was obtained in the District Court, of which the defendants Geiger had knowledge, strongly suggests the possibility that the mortgage was made to defeat the priority of this judgment of the defendant Elar Lumber Company, Inc.” Not only is that statement conclusory and entirely speculative, but the opposition papers are totally devoid *187 of evidentiary facts sufficient .to establish a superior lien in equity in favor of the judgment creditor (Sullivan v. Corn Exch. Bank, supra). A defense attorney’s affidavit, containing conclusory statements with respect to the illegality of the transaction in question and containing nothing to show personal knowledge of facts underlying his conclusion, is insufficient to raise the illegality of such transaction as a defense to a motion for summary judgment (Rex Bilotta Corp. v. Hamza, 22 A D 2d 757, affd. 16 N T 2d 695). Significantly, although the judgment was obtained and the disputed mortgage was made in November of 1965, no action was commenced to set the latter aside as a fraudulent conveyance and no suggestion of fraud was raised until June 6, 1968 (the date of the opposing affidavit), some nine months after the foreclosure action was commenced and two and a half years after the prior transactions.
Since the defense alleged in the answer is legally insufficient and the record before us raises no triable issues of fact, the court is constrained to grant both branches of the motion (CPLR, 3211, 3212).