OPINION OF THE COURT
John S. Lockman, J.
On October 25, 1978, petitioner entered a judgment in its favor and against Terryville Development Corporation for $7,338.48. The judgment was docketed with the county clerk on the same day at 2:12 p.m. On January 16, 1979, petitioner delivered an execution of the judgment to the Sheriff who levied on certain rents accruing from parcels located in Selden, New York, and owned by Terryville.
European-American Bank was apparently the holder of a second mortgage upon the Selden parcels. It commenced a foreclosure action on January 16, 1979, and a receiver of rents was appointed by court order dated February 20, 1979. The execution of petitioner’s judgment having been served upon the occupants of only two of the parcels, the Sheriff continued to receive rent payments from them while the receiver in the foreclosure action received the rent payments from the remaining parcels. On May 7, 1979, the receiver applied for an order directing the Sheriff to turn over the rents he had collected. Justice Thom, relying upon Professor Siegel’s commentary to CPLR 5234 (McKinney’s Cons Laws of NY, Book 7B, CPLR C5234:4, pp 405-406), denied the application holding that the filing of the execution gave the judgment creditor priority. (European-American Bank & Trust Co. v Terryville Dev. Corp., May 29, 1979, Supreme Ct, Suffolk County.)
The situation after Justice Thom’s decision was as it had been before; the Sheriff collected rents from two parcels while *251 the receiver collected rents from the rest. On June 7, 1979, the receiver secured an ex parte order authorizing him to pay the Williamsburgh Bank, holder of a first mortgage on the parcels, $3,500 in reduction of the first mortgage principal and interest. A second payment of $800 was made to the Williams-burgh Bank on August 15, 1979, without court order. The foreclosure sale took place on October 12, 1979, and the report of sale was filed on November 9, 1979.
On November 26, 1979, petitioner made application to require the receiver to account for the funds he had received after May 29, 1979. The receiver cross-moved to terminate his appointment and for his release. Both motion and cross motion were denied by Justice Aspland who held that the appropriate remedy was a CPLR 5239 special proceeding to determine adverse claims. (European-American Bank & Trust Co. v Terryville Dev. Co., Jan. 4, 1980, Supreme Ct, Suffolk County.) Petitioner has now brought such a proceeding.
Petitioner seeks a determination that it is the owner of the funds received by the receiver after May 29, 1979, the date of Justice Thom’s order. In his cross petition the receiver alleges that he has complied with all court orders and he seeks an order terminating the receivership and settling his account. The European-American Bank opposes both applications. The bank contends that the cross petition is not properly before this court and the court is compelled to agree. The receiver was appointed in the foreclosure action by the bank against Terryville Development Corporation. (Real Property Actions and Proceedings Law, § 1325.) The instant action is a special proceeding arising out of an action by petitioner against Terryville Development Corp. (CPLR 5239.) The cross petition is therefore denied without prejudice to renewal in the action in which the receiver was appointed.
The bank also opposes the main petition arguing that the lien of the receiver is superior to that of the judgment creditor. This is, of course, the same issue which was presented to Justice Thom, but the doctrines of res judicata, collateral estoppel and law of the case do not prevent reconsideration under the peculiar facts before us. The issue previously arose upon a motion by the receiver in the foreclosure action. The bank alleges, and Justice Thom’s decision as well as the original affidavit of service confirm, that the bank was never served with notice of that motion despite the fact that it was made in an action in which the bank was the plaintiff. *252 (See CPLR 2103, subd [e].) In any event, Justice Thom’s decision was made in the foreclosure action brought by the bank against Terryville Development Corp. The instant matter is a special proceeding arising out of a judgment in an action by S & H Building Materials against Terryville. These being separate actions Justice Thom’s decision is not the "law of the case”. (See Matter of McGrath v Gold, 36 NY2d 406.) Nor can the bank be collaterally estopped from litigating the issue anew. Not only was the bank not a party to the prior application resulting in Justice Thom’s order, but neither of two parties who appeared shared or represented the bank’s interests. (See 5 Weinstein-Korn-Miller, NY Civ Prac, pars 5011.32, 5011.36.) "A receiver is an officer only of the court, subject, at all times, only to its direction and control [citations omitted] and acting merely as its arm [citation omitted]. * * * Even a receiver in foreclosure is not the agent of the mortgagee or the owner of the property, but is solely an instrument, an arm, of the court (Knickerbocker Ice Co. v Benson, 155 Misc 738).” (Jamaica Sav. Bank v Florizal Realty Corp., 95 Misc 2d 654, 656.)
This court is compelled to disagree with the reasoning underlying Justice Thom’s decision, if not the result itself. The portion of Professor Siegel’s commentary which was relied upon relates to CPLR 5234 (subd [c]). That section provides in pertinent part: "Where personal property has been ordered delivered, transferred or paid, or a receiver thereof has been appointed by order, or a receivership has been extended thereto by order” (emphasis supplied). In the instant matter we deal with a receivership related to real, as opposed to personal property, appointed under the Real Property Actions and Proceedings Law. The priority accorded such receiver differs from that of a receiver where personal property is involved. A judgment has only such lien as is given by statute for at common law judgments were not liens upon real estate. (Atlas Refining Co. v Smith, 52 App Div 109, 114.) The statute in question is CPLR 5203 and it grants a judgment creditor a lien against real property either when he dockets his judgment with the county clerk in the county in which the realty is situated or when, after the passage of 10 years from the filing of the judgment roll, he files a notice of levy in that county pursuant to CPLR 5235. (6 Weinstein-Korn-Miller, NY Civ Prac, par 5203.01, p 52-59.) In contrast, a mortgage lien attaches when the mortgage is executed and the priority of *253 the mortgage as against subsequent judgment creditors is determined by the date of execution. (Suffolk County Fed. Sav. & Loan Assn. v Geiger, 57 Misc 2d 184.) In the instant matter, it is unchallenged that the mortgage lien antedated the judgment lien. This is not to say that the receiver was entitled to collect all the rents, but he was entitled to collect rents that were unpaid as of the date of his appointment as well as all future rents.
"An owner of property is entitled to the rents until there is a default under the mortgage, then the mortgagee has an equitable claim to the rents that are unpaid. (Lofsky v. Maujer, 3 Sandf. Ch. 69; Rider v. Bagley, 84 N. Y. 461, 465.) When a receiver of the rents has been appointed in the foreclosure proceeding because of a default in the payment of principal or interest, he has a right not only to the rents that become due after his appointment but also to those that have accrued prior thereto and which have not been paid.” (New York Life Ins. Co. v Fulton Dev. Corp., 256 NY 348, 351.) Thus, prior to the appointment of a receiver, since the owner would have been entitled to collect the rents, the Sheriff could collect the rents in his place pursuant to such execution as had been delivered to him by the judgment creditor. However, upon the appointment of the receiver on February 20, 1979, the receiver became entitled to collect rents then due and unpaid as well as future rents. (Suffolk County Fed. Sav. & Loan Assn. v Geiger, supra; Hagen v 22 West 25th St. Corp., 28 Misc 2d 964; Marks, Maloney and Paperno, Mortgages and Mortgage Foreclosure in New York, § 231.) Since all of the funds here at issue were collected by the receiver after his appointment, the claim of the receiver on behalf of those interested in the foreclosure action is superior to that of the judgment creditor.