In re Marguerite LATTIMORE, Debtor.

Marguerite LATTIMORE, Movant,

v.

WALT'S TREE SERVICE, INC., Respondent.

Bankruptcy No. B 80–10684 C.

United States Bankruptcy Court, W. D. New York.

June 25, 1981.

Goodman, Pratcher & Volcy, Buffalo, N. Y., for movant; Franklin Pratcher, Buffalo, N. Y., of counsel.

Goldman, Costa & Getman, Buffalo, N. Y., for respondent; Jack L. Getman, Buffalo, N. Y., of counsel.

Richard J. Arcara, U. S. Atty., Cheryl Fisher, Asst. U. S. Atty., Buffalo, N. Y., for U. S.

JOHN W. CREAHAN, District Judge.

The debtor has moved pursuant to Local Rule 2 to avoid the judicial lien of the respondent, Walt's Tree Service, Inc. under the provision of section 522(f)(1) of the Bankruptcy Code. 11 U.S.C. § 522(f)(1). The debtor claims that the lien of the judgment impairs an exemption to which she is entitled under subsection (b) of section 522. In schedules filed with her petition, the debtor lists real property valued at $5,000. The same property is claimed exempt in a

like amount under applicable state law. N.Y.Civ.Prac.Law § 5206(a) (McKinney 1978). The subject lien appears to be the only encumbrance against the property. There is no objection to the claimed exemption.

The judgment creditor has filed papers in opposition to the debtor's motion. Those papers call into question the constitutionality of section 522(f) of the Code. Briefly stated, the creditor maintains that to apply "section 522 of the Bankruptcy Code to the judgment lien of Walt's Tree Service, Inc. would amount to retroactive taking of property without due process and, accordingly, would be unconstitutional." The United States declined to intervene, but did file a brief (used in another case) in support of the statute.

The facts are straightforward and not disputed. On February 24, 1977, the respondent obtained a judgment against the debtor in the sum of $1,086.72 in Buffalo City Court. A transcript of the judgment was filed in the Erie County Clerk's office on March 10, 1977. The debtor's property is located within that county. Pursuant to N.Y.Civ.Prac.Law § 5203 (McKinney 1978), the judgment became a lien against the debtor's real property from the moment it was docketed with the Clerk of the county in which the property is located. The lien expires ten years after the filing of the judgment roll unless extended as provided in the section.

## I.

■ At common law, a judgment did not create a lien against the judgment debtor's real property. In New York, except as provided by statute, a judgment is never a lien against property of the judgment debtor. *Suffolk County Federal Savings and*

*Loan Association v. Geiger*, 57 Misc.2d 184, 291 N.Y.S.2d 982 (1968). While the language of section 5203 would appear to create an unqualified lien, the judgment creditor's right to enforce the same against the debtor's property is subject to the debtor's right to the exemption provided by N.Y.Civ. Prac.Law § 5206 (McKinney 1978). That section exempts a debtor's principal residence to a value of $10,000 "from application to the satisfaction of a money judgment." The nature and extent of the lien is relevant because it bears on the type of interest which the creditor has acquired. If the debtor has no real property in the county, the judgment creditor, of course, has no lien.

■ It is apparent that the exemption provided for by the state statute is not effective as against the judgment of Walt's Tree Service, Inc. The enactment of N.Y. Civ.Prac.Law section 5206 does "not affect the application of property to the satisfaction of a money judgment for a debt contracted before it takes effect." 1977 N.Y. Laws c. 181, § 2. The effective date of section 5206 is August 24, 1977. By its terms, the state statute cannot be retroactively applied. The parties to the present motion have treated the problem as though the Federal exemption were chosen, as that is the only one which will operate retroactively upon the lien of the judgment creditor in this case. Since in the Court's view, an amendment of the choice of exemption even at this juncture would not only be timely, but in accord with the clearly expressed legislative intent,[1] the Court will treat the issue raised as though the amendment were an accomplished fact.

## II.

■ Section 522(f) of the Bankruptcy Code provides in pertinent part:

---

1. The Rules will provide for the situation where the debtor's choice of exemption, Federal or State, was improvident and should be changed, for example, where the court has ruled against the debtor with respect to a major exemption. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 360 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Rule 110 of the Rules of Bankruptcy Procedure provides that schedules may be amended "as a matter of course" at any time before the case is closed. The Code Commentary to the Rules indicates that its provisions are unaffected by the Code. 1979 Collier Pamphlet Edition Part 2. An exercise of the rights afforded under section 522(g), (h)(1) would entail an amendment at a relatively advanced stage of the proceedings. 11 U.S.C. § 522(g), (h)(1).

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien.

11 U.S.C. § 522(f)(1). Before reaching the issue raised by the judgment creditor, it should be determined whether the debtor here is within the provision of the subsection. Absent the judicial lien of the respondent, it is apparent that the property in question is unencumbered. It is worth $5,000. The debtor has claimed an exemption in that amount, which is within the statutory allowance. The lien in question encroaches on, or impairs the amount of the exemption otherwise allowable. Therefore, the debtor is within the section.

The second threshold question requires a determination of the congressional intent with respect to the applicability of section 522(f)(1). Did Congress intend it to apply retroactively, or prospectively only? There are few reported decisions dealing with the debtor's power to avoid a judicial lien under section 522(f)(1). With but few exceptions, those courts which have dealt with the issue, with respect to security interests under section 522(f)(2), have been of the view that retrospective application of the avoiding power was intended by Congress. The one circuit court which had the issue before it, and which held section 522(f)(2) unconstitutional, stated:

If the Reform Act were applied only to those cases commenced after October 1, 1979, which involved security interests which came into existence *after* that date, there would be *no* bankruptcy law applicable to cases filed after October 1, 1979, but involving security interests which were fixed prior to October 1, 1979. We cannot believe that Congress intended such a no-man's land. [*Emphasis in original*].

*Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Cir. 1981). Nor can this Court.

## III.

Pertinent to the objection of the judgment creditor here, the "due process" clause of the Fifth Amendment reads in part as follows, "No person shall . . . be deprived of . . . property, without due process of law." One final question remains before we proceed to pass upon the constitutionality of this congressional enactment: Does the judicial lien here to be avoided rise to the level of "property"? The 5th Circuit has stated the issue as follows:

It is clear that the existence of a legitimate property or liberty interest is a prerequisite to the examination of any claimed threat of due process. *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 560 (1972); *Goss v. Lopez*, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975); *Thurston v. Dekle*, 531 F.2d 1264, 1271 (5th Cir. 1976), *vacated on other grounds* 438 U.S. 901, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978).

*Downing v. Williams*, 624 F.2d 612 (5th Cir. 1980).

In the case of *Board of Regents v. Roth*, 408 U.S. 564, 578, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court stated:

Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

## IV.

Under the law of New York State, the lien created by N.Y.Civ.Prac.Law section 5203 does not operate to transfer any estate in the debtor's real property to the judgment creditor. It is a charge only against the property. Transfer of an estate or the vesting of an interest can be accomplished only by sale pursuant to section 5236. N.Y.Civ.Prac.Law § 5236 (McKinney 1978). If no action is taken by the judg-

ment creditor, the lien of the judgment expires ten years after "filing of the judgment role." § 5203. The creditor has but a limited right to renew the lien after the ten year period.

In New York, the lien of a judgment does not endow the judgment creditor with a vested property interest entitled to the protection of the 5th Amendment. The Court of Appeals, over 100 years ago, clearly set forth the status of a judgment lien in New York. In the case of *Watson v. N. Y. Central R. R. Co.*, 47 N.Y. 157, 162 (1872), the court stated:

> But a judgment creditor of an owner has no estate or proprietary interest in the land. He stands wholly upon the law, which gives him *a remedy for the collection of his debt* by a sale of the land under execution .... Acts have been passed shortening and lengthening the duration of the liens of existing judgments, and even providing for their extinguishment without any proceeding to which the judgment creditor was a party. [*Emphasis supplied*].

After stating specific examples of legislative enactments which had affected the expectancies of judgment lien creditors, the court continued:

> It is clearly within the power of the legislature to abolish the lien of all judgments at any time before rights have become vested or estates acquired under them, and, placing real estate on the same footing as personal property, to confine the remedies of the creditor to the property held by the debtor at the time of issuing the execution.

*Id.* at 163.

In reference to legislation affecting existing claims or judgments, the court stated further, "They do not take away property, or affect the obligation of contracts, but simply affect legal remedies." This Court, then, having determined that the avoidance of the judicial lien of Walt's Tree Service, Inc. does not constitute a "taking of property," does not find it necessary to reach the constitutional question raised by the respondent with respect to section 522(f)(1). 11 U.S.C. § 522(f)(1).

At least one other bankruptcy court has reached a similar conclusion. *In re Charles E. Ashe and Susan J. Ashe, Debtors: The Commonwealth National Bank, Objector, United States of America, Intervenor*, BK. No. 1–79–00882, B.C.M.D.Pa.1981. In this unreported decision involving the judicial lien of a confession judgment in the State of Pennsylvania, Judge Thomas Wood found that such a lien did not create a property interest such as is within the proscription of *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935).

The debtor's motion is denied, unless within twenty days of the entry of this order, application is made in her behalf to amend her choice of exemption to that allowed pursuant to section 522(d) of the Code. 11 U.S.C. § 522(d). In that case, the amendment will be allowed and her motion granted.

So Ordered.