■ DIME SAVINGS BANK OF NEW YORK, FSB, Respondent, v DUANE E. ROBERTS, JR., et al., Defendants, and DEBRINO CAULKING ASSOCIATES, INC., et al., Appellants.—Harvey, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered July 6, 1989 in Albany County, which, *inter alia,* denied the motions of defendants DeBrino Caulking Associates, Inc. and Paul Van Ryn for summary judgment.

Plaintiff commenced this action to foreclose a mortgage held by plaintiff on certain property in the City of Albany owned by defendant Duane E. Roberts, Jr. In June 1985, plaintiff loaned Roberts $185,000 and took a first mortgage on the subject property, which mortgage was recorded in the Albany County Clerk's office on June 7, 1985. On February 27, 1987, plaintiff loaned Roberts an additional $12,600 and received in return a note and mortgage in that amount. The first mortgage was consolidated with the new mortgage by way of an extension and consolidation agreement delivered by Roberts to plaintiff on that date.[1] At the same time, two satisfactions of mechanic's liens in amounts approximating $88,000, which were previously filed by defendant DeBrino Caulking Associates, Inc. (hereinafter DeBrino) against the property in December 1985, were delivered to plaintiff. Roberts, as part of the deal, arranged a subordination agreement executed by defendant Paul Van Ryn, which subordinated Van Ryn's prior March 1986 mortgage to the new consolidated mortgage. All of these documents were delivered at the closing and recorded on March 17, 1987.

After delivery of the two satisfactions of mechanic's liens at the closing, but before March 17, 1987, DeBrino docketed a purported judgment against Roberts in the amount of $45,920.04. This amount represented the balance due on a previously unrecorded confession of judgment in DeBrino's favor for $56,500, which apparently represented a settlement of the two mechanic's liens.

1. The consolidated mortgage was in the amount of $197,600. Due to the negative amortization feature of the note, however, the amount of the mortgage lien could potentially reach 110% of the base amount or $217,360.

Roberts defaulted and this mortgage foreclosure action was commenced in February 1988. Van Ryn counterclaimed against plaintiff and cross-claimed against Roberts, alleging that Roberts breached the subordination agreement by virtue of the existence of the DeBrino judgment. Subsequently, Van Ryn moved for summary judgment arguing that his mortgage on the subject premises had priority over both plaintiff's mortgage and DeBrino's judgment. DeBrino then cross-moved for summary judgment asserting that its judgment was entitled to priority over both plaintiff's and Van Ryn's mortgages because it was filed prior to the recording of the mortgage documents. Thereafter, Supreme Court denied the summary judgment motions of both Van Ryn and DeBrino and granted summary judgment to plaintiff against Van Ryn and DeBrino pursuant to CPLR 3212 (b). This appeal by Van Ryn and DeBrino followed.

We affirm. Summary judgment was properly granted to plaintiff since its $220,000 mortgage unquestionably had priority over any interests of Van Ryn and DeBrino. Despite DeBrino's contentions otherwise, the judgment it purportedly obtained on March 6, 1987 against Roberts would not, assuming it is valid,[2] operate to affect plaintiff's interest in the consolidated mortgage in any way. DeBrino incorrectly asserts that the $45,920.04 amount stated in its judgment should be treated for priority purposes as if it was synonymous with the mechanic's liens filed in December 1985 and be accorded priority over all other interests. It is undisputed that DeBrino, through its attorney, delivered two original mechanic's lien satisfactions to the parties at the February 27, 1987 closing. Accordingly, these written agreements served to void any right DeBrino had to enforce its mechanic's liens (cf., Lien Law § 34; 76 NY Jur 2d, Mechanic's Liens, § 116, at 528). While it appears that the affidavit of confession of judgment between Roberts and DeBrino predated the recording of plaintiff's new $12,600 mortgage, the law is well established that judgments, which are creatures of statute, have no legal effect until they are docketed. In contrast, mortgages become liens when they are executed (see, S & H Bldg. Materials Corp. v European-American Bank & Trust Co., 104 Misc 2d 249, 252-253; Suffolk County Fed. Sav. & Loan Assn. v Geiger, 57 Misc 2d 184, 185-186). The protection of the recording act can be

2. Due to our resolution of the issues in this case, it is unnecessary to reach the issue of whether the papers filed by DeBrino constituted a valid, enforceable judgment.

relied upon only by subsequent purchasers and mortgagees, not by judgment creditors (supra; see, Leonardo v Siegal, 150 AD2d 760, 761; Sullivan v Corn Exch. Bank, 154 App Div 292, 296). Consequently, because the $12,600 mortgage was made prior to the alleged docketing of DeBrino's judgment, no interest of DeBrino can intervene and take precedence over either plaintiff's consolidated mortgage or Van Ryn's prior mortgage.

The remaining contentions of the parties have been examined and have been found to be either meritless or have been rendered unnecessary by our resolution of the foregoing issues. Regardless of Van Ryn's contentions to the contrary, we find nothing invalid or unenforceable about the subordination agreement entered into between Roberts and Van Ryn. The principal arguments in this respect appear to revolve around Van Ryn's contentions that plaintiff breached this contract in some manner or made fraudulent promises with respect to it. Plaintiff was not a party to this contract. It was merely a third-party beneficiary. Both the express language of the contract and Van Ryn's own affidavit establish that it was only Roberts who undertook any obligations under the contract. Clearly, Van Ryn's vague and conclusory allegations of fraud are insufficient to void the subordination agreement, the terms of which appear to have been sufficiently satisfied at the closing.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.